LOUIS KASERMAN v. JOHN FRIES.

[FILED NOVEMBER 11, 1891.]

**Parol Evidence:** A WRITTEN CONTRACT CANNOT BE WAIVED, qualified, or contradicted by parol evidence of a prior or contemporaneous agreement between the parties.

ERROR to the district court for Pawnee county. Tried below before BROADY, J.

*Story & Story*, for plaintiff in error, cited as to the parol testimony: *Delaney v. Linder*, 22 Neb., 274; *Junge v. Bowman*, 34 N. W. Rep. [Ia.], 612; *Mason v. Mason*, Id., 208; *Scholtz v. Dankert*, 34 N. W. Rep. [Wis.], 394; *Johnson v. Glover*, 12 N. E. Rep. [Ill.], 257; *Spech v. Howard*, 16 Wall. [U. S.], 564.

*J. K. Goudy, contra,* cited: Jones, Chat. Mortg.; 705; *Epperson v. Young,* 8 Tex., 135; 1 Greenl., Ev., 305; *Barry v. Ransom,* 2 Kern. [N. Y.], 462; *Schoen v. Sunderland,* 39 Kan., 758; *Cen. M. E. Church v. Clime,* 116 Pa. St., 146; *Stout v. Weaver,* 72 Wis., 148; *Bulkley v. Devine,* 127 Ill., 407; *Norman v. Waite,* 30 Neb., 302.

Norval, J.

This is an action of replevin by John Fries against Louis Kaserman, to recover two horses, a lumber wagon, and a two-horse spring wagon. Upon the trial the jury found for the plaintiff.

The case, briefly stated, is as follows: On the 10th day of July, 1888, the plaintiff below, being the owner of the property in controversy, gave a chattel mortgage thereon to one B. S. Chittenden, to secure the payment of plaintiff's promissory note for $30 of even date therewith, due in ten days. The mortgage and note were subsequently placed in the hands of Kaserman to be foreclosed, who took possession of the property under the mortgage, and the defendant in error immediately commenced this action.

B. S. Chittenden testified that while he was negotiating with Fries for some property, he loaned him $30 to pay the expenses of getting up the papers and abstract of title, and took the note and mortgage as security. Mr. Chittenden was fully corroborated by the testimony of his son. That Fries received the money when the note and mortgage were executed is not disputed. It also appears that at the same time Chittenden entered into a written contract with Fries and wife for the purchase from them of a quarter section of land situated near Du Bois, for the agreed price of $8,000. By the terms of the contract the consideration was to be paid as soon as Fries and wife executed a deed to the land and furnished an abstract showing a perfect chain of title. The plaintiff below testified, in effect,

that the $30 was received as a payment on the land; that if he failed to comply with the contract he was to pay the $30 back, and if Chittenden failed he was to forfeit the money, but if he took the property the $30 was to be deducted from the $8,000. The plaintiff testified that the note and mortgage were given solely to secure the repayment of the $30 in the event that he had it to repay. This evidence was all objected to by the defendant, because it was incompetent and immaterial, being parol testimony of an agreement made at the time the note, mortgage, and the written contract for the sale of the land were executed, which contradicted them. The objection was overruled and an exception was entered on the record.

It seems to us that this testimony should have been rejected, for it tended to vary and contradict by parol the express terms of the written contract of the parties. The testimony did not in the least tend to show a want of consideration for the note and mortgage, but the object and purpose of the testimony was to prove that the money, instead of being paid in ten days, as specified in the note and mortgage, should, in a certain contingency, not be paid, but should be retained by Fries. It contradicts the terms of the written agreement of the parties for the purchase of the land. Evidence of such an oral bargain was inadmissible, for it is a firmly settled principle of law that a written contract cannot be varied, qualified, or contradicted by parol evidence of prior or contemporaneous agreements between the parties. (*Delaney v. Linder,* 22 Neb., 274; *Atherton v. Dearmond,* 33 Ia., 353; *Dickson v. Harris,* 60 Id., 727; *Mason v. Mason,* 72 Id., 457; *Hubbard v. Marshall,* 50 Wis., 322; *Scholtz v. Dankert,* 69 Id., 416.)

The verdict was not supported by the evidence. The note and mortgage were long past due and unpaid. The mortgagee was entitled to his money. The only testimony offered as defense against the note and mortgage was that above referred to relating to the alleged oral agreement,

which should have been excluded. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.