EDWARD QUINN v. SOLOMON R. MOSS.

FILED JUNE 22, 1895. No. 5972.

1. **Guaranty for Payment of Goods:** CHANGE OF CONTRACT BY BUYER AND SELLER: LIABILITY OF GUARANTOR. In an action on a written guaranty to pay for a quantity of cigars sold to a third person it was *held* that the fact that by the agreement of the seller and purchaser, made after the execution of the guaranty, all the cigars of a particular brand named in the order were not sent, but in lieu thereof were substituted an equal number of the same quality, kind, style, and price, put up under another brand, did not constitute such a change in the contract as to release the guarantor from liability, especially where it was not shown that either of the brands had any special or commercial value, or that the brand upon the boxes containing the cigars affected the sale thereof.

2. **Judgment Against Guarantor:** SUFFICIENCY OF EVIDENCE. *Held*, That the verdict is supported by the evidence.

3. **Parol Evidence:** WRITTEN GUARANTY. Parol contemporaneous evidence is inadmissible to vary or contradict the terms of a written contract.

4. **Assignments of Error.** An assignment of error is insufficient which fails to point out the particular error objected to.

ERROR from the district court of Douglas county. Tried below before DOANE, J.

*C. A. Baldwin,* for plaintiff in error.

*B. N. Robertson, contra.*

NORVAL, C. J.

This action was brought by Samuel R. Moss against Edward Quinn, upon a written contract of guaranty for the payment of a bill of cigars sold by the plaintiff to one B. C. Foley. A verdict was returned for the plaintiff, and upon it a judgment was rendered. The defendant prosecutes error.

The plaintiff below is a manufacturer of cigars at Lancaster, Pennsylvania.   In February, 1890, he sold, through his traveling salesman, one Rosenstine, to one B. C. Foley, on sixty to ninety days' time, the following bill of cigars : 5,000 New Arrival, at $15 ; 10,000 Otella, at $23 ; 10,000 La Rosa De Key West, at $23 ; 5,000 Sweet Buds, at $15. The following written guaranty was, at the time of the purchase, executed by the defendant and attached to the bill of goods :

"I hereby guaranty the payment of the above bill bought by B. C. Foley, Omaha, Nebraska, of S. R. Moss, Lancaster, Pennsylvania.              EDWARD QUINN."

One of the defenses interposed is that after the guaranty was given Foley and Rosenstine changed the contract by the terms of which a new and different selection of cigars was made, and under which the cigars were furnished Foley.   The evidence shows that after the signing of the contract it was agreed between Foley and Rosenstine but 5,000 Otella cigars should be sent and in lieu of the other 5,000 of that brand there should be shipped an equal number of Key West Extras; that 5,000 Three for a Quarter were substituted for the same number of the brand La Rosa De Key West.   The goods were furnished and delivered in accordance with this arrangement.   There was no change in the prices of the cigars or the aggregate amount of the bill.   The plaintiff, by several witnesses, introduced evidence tending to establish that the 5,000 Key West Extras furnished were of the same quality, style, and make as the Otella, except the label on the box, and that in quality and in every other particular the 5,000 Three for a Quarter which were sent were the same as the La Rosa De Key West.   There is an entire lack of any evidence that the brands under which cigars are put up have any special or commercial value.   If they have any such value it is a matter of proof.   Certainly it is not a matter of which the court can take judicial knowledge.   The only change

made from the original selection, according to the proof
submitted by the plaintiff, consisted in the brands or labels
placed upon the boxes, and in the absence of any showing
that brands affected the sales of the cigars, we cannot say
that the original contract was in any material respect
altered or changed. There being no substantial change in
the agreement, it follows that the guarantor was not re-
leased from his liability. (*Fisherdick v. Hutton*, 44 Neb.,
122; *Feustmann v. Estate of Gott*, 32 N. W. Rep. [Mich.],
869.)

At this point we may as well dispose of the assignment
that the verdict is not sustained by the evidence. It is
argued that the cigars delivered to Foley by the plaintiff
below were not of the quality promised or equal to the
samples from which the selections were made. There is
an irreconcilable conflict in the testimony as to whether the
cigars sent to Foley were of the kind and quality con-
tracted for. The testimony of the defendant's witnesses is
to the effect that the goods were not according to the con-
tract, while the testimony on behalf of the plaintiff tends
to show that the cigars delivered were of the style, quality,
and kind purchased. It is true that the brands of some
of the cigars delivered were different from those described
in the original agreement; but, as we have already seen,
this variance was immaterial and did not affect the validity
of the contract. The jury by their verdict have said that
Foley got the goods selected and purchased, and their find-
ing is not without ample evidence to support it.

Another assignment is that the court erred in excluding
testimony offered by the defendant below to show that
at the time the goods were purchased and the guaranty
given, the plaintiff agreed the cigars would be union made
and union labeled. This testimony was properly excluded,
as its admission would have been a clear violation of an
elementary rule of evidence, to the effect, that parol con-
temporaneous evidence is inadmissible to vary or contradict

the terms of a written contract.  The order for the cigars
was a written one, signed by Foley; and the guaranty was
likewise in writing.  The purpose of the offered testimony
was to add to or engraft upon the written contract a stipu-
lation qualifying the terms thereof.  Under the authorities
such evidence was not admissible.  (1 Greenleaf, Evidence,
sec. 275; *Hamilton v. Thrall*, 7 Neb., 210; *Dodge v.
Kiene*, 28 Neb., 216; *Kaserman v. Fries*, 33 Neb., 427;
*Nichols v. Crandall*, 43 N. W. Rep. [Mich.], 875; *Brint-
nall v. Briggs*, 54 N. W. Rep. [Ia.], 531.)

Complaint is made in the brief of certain other rulings
of the trial court on the admission and exclusion of testi-
mony, but they will not be reviewed, inasmuch as the rul-
ings are not assigned with sufficient particularity in the
petition in error, the assignments being as follows:

"8. The court erred in refusing to permit the defendant
to give to the jury certain other material and important
evidence on his part, as fully appears in the record of
the evidence kept by the official reporter, and which refus-
als were excepted to at the time by the defendant, as is
shown by the record.

"9. The court erred in permitting the plaintiff below to
give certain evidence to the jury on his part, against the
objection and exception of the defendant, all of which ap-
pears in the record of the evidence as kept and reported by
the official reporter.

"10. And for other and manifest reasons appearing of
record in the case."

These assignments are too general and indefinite to pre-
sent any question to this court for review.  ( *Wanzer v. State*,
41 Neb., 238; *Kirkendall v. Davis*, 41 Neb., 285; *Bloedel
v. Zimmerman*, 41 Neb., 695; *Wonderlick v. Walker*, 41
Neb., 806; *Wiseman v. Ziegler*, 41 Neb., 886.)

The alleged errors in giving instructions are grouped in
one assignment in the petition in error, and in like man-
ner the alleged errors in refusing requests to charge are

grouped in the petition in error. Upon due consideration of the instructions given we find that one or more is free from criticism and that at least one of the instructions refused was faulty. Under the well settled rule the assignments relating to the instructions will be overruled. The judgment is

AFFIRMED.