MORRIS KETELMAN v. CHICAGO BRUSH COMPANY.

FILED JULY 1, 1902.  No. 12,046.

Commissioner's opinion, Department No. 2.

1. **Assignment of Error.** The rulings complained of in a petition in error must be described in such way that they can be identified with reasonable certainty.

2. **Pleading:** ADMISSION: PLEA OF PAYMENT. An allegation that defendant has paid for all goods "received by him in the transaction described by plaintiff in his petition" amounts to an admission of the sale and delivery of goods as alleged in the petition, and a plea of payment.

3. **Plea of Payment:** PAYMENT BY AGENT: BURDEN OF PROOF. A defendant, who pleads payment, and in support thereof shows payment to a third person, claimed to be agent of the vendor, has the burden of showing the authority, real or apparent, of the person to whom such payment was made.

ERROR from the district court for Douglas county. Tried below before SLABAUGH, J. *Affirmed.*

*Altschuler & Leese,* for plaintiff in error.

*E. T. Farnsworth* and *D. W. Merrow,* contra.

POUND, C.

We find it impossible to ascertain with any certainty what rulings are complained of in most of the eleven as-

signments of error. Three refer to objections and rulings thereon marked "3," "4" and "5," on page 6 of the bill of exceptions. There are no such marks or numbers on that page, nor are the questions or answers numbered until page 14 is reached, after which point there are no numbers under 10. Another merely states that "the court erred in overruling the objection to the answer," without stating what answer, or where it is to be found, while two complain of the overruling of objections to the answers numbered "7" and "8" on page 7 of the bill of exceptions. No such numbers appear on that page or on any other page of the record, and there are not as many as seven answers on the page referred to. The brief, to which we should naturally turn for enlightenment, is no less obscure. The questions or answers referred to are not set forth, nor, with one possible exception, is their purport even fairly hinted at. Thus we are told that "the ninth and tenth assignments are conclusions of the witness, and were incompetent and did not state any facts." We have stated the difficulties involved in an endeavor to ascertain what rulings are to be reviewed with some detail, because such cases come before us much too often. Counsel are retained and paid to present their clients' cases in such form that this court may know wherein their rights have been infringed, and in what manner. We can not be asked to do their work for them.

The only assignment of error which is so presented that we can consider it, relates to the action of the trial court in directing a verdict for the plaintiff. The petition alleged that plaintiff sold and delivered certain merchandise to defendant at his request. The answer contains a general denial, an allegation that the merchandise was bought of one Green, a traveling man, without any notice or knowledge that Green was acting for any one else, and that defendant paid said Green therefor pursuant to the terms of the sale; and a further allegation that defendant has "paid for all the brooms received by him in the transaction described by plaintiff in his petition." As the sole

Ketelman v. Chicago Brush Co.

transaction described in the petition was the sale and delivery of the brooms by the plaintiff to the defendant at his request, it is obvious that the answer amounts to an admission of the allegations of the petition and a plea of payment. *Battelle v. McIntosh*, 62 Nebr., 647. This affirmative defense was not sustained by the evidence. The defendant testified that he paid the money to said Green, a solicitor of plaintiff, through whom the goods were ordered, but failed completely to show that Green had any authority, actual or ostensible, to receive it. It appears conclusively from the evidence adduced by the plaintiff that Green had no such authority. He was not clothed with any apparent authority to make collections; the goods were sent by the plaintiff directly to the defendant, not to Green, and there was no reason why any one should have supposed Green was empowered to do more than solicit and procure orders.

We recommend that the judgment be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons set forth in the foregoing opinion, the judgment of the district court is

AFFIRMED.

NOTE.—*Pleading.*—*Payment.*—*Plea of Nil Debet.*—*Admission by Plea.*— *Code.*—*Common Law.* The difference between the common-law method of pleading and the Code—as has been said by another,—is that, under the former, the lawyer diagnosed the case; under the latter this task falls to the court. At common law, the plea of payment came under the generic term of *pleas in discharge*, which were classified, as follows, to wit: (1) plea in payment; (2) plea of release; (3) plea of bankruptcy; (4) plea of statute of limitations. McKelvey, Common Law Pleading, p. 100, and authorities cited. At common law, the general issue in an action of debt was *nil debet* (nothing is due); but afterwards *nunquam indebitatus* (at no time has he been indebted); and, under this plea, the defendant could show payment simultaneous with delivery, for, in that case, no debt ever arises. But under a plea of discharge the original debt was admitted. Under the Code there has been an attempt to wipe out the distinctions between forms of actions and defenses. The Code is a legislative act; the common-law method was built up by the courts.

The Code method is familiar to us all. The following will illustrate the common-law method: (1) A declares on a promissory note executed by and delivered by B; (2) plea, infancy; (3) replication, new promise; (4) rejoinder, duress; (5) sur-rejoinder, general issue. The defendant here puts himself upon the country; and the simple issue tried to the jury would be: Was B forced to renew the note? —W. F. B.