JOSEPH F. PARKINS V. MISSOURI PACIFIC RAILWAY
COMPANY.

FILED DECEMBER 21, 1904.   No. 12,431.

Instructions must be consistent with each other, and if upon a fair
construction of all the instructions given in a case they require
that the plaintiff prove substantive facts that are not necessary
to a recovery, such instructions are erroneous.

ERROR to the district court for Sarpy county: WILLARD
W. SLABAUGH, JUDGE. *Judgment of reversal adhered to:*

*F. T. Ransom* and *Weaver & Giller,* for plaintiff in
error.

*John F. Stout, James W. Orr* and *B. P. Waggener,*
*contra.*

SEDGWICK, J.

In the opinion of Mr. Commissioner HASTINGS, 4 Neb.
(Unof.) 13, the conclusions reached in the former opin-
ion are discussed and, with one exception, are approved.
The commissioner concluded that instruction numbered
five, given by the court upon its own motion, was erro-
neous and required a reversal of the judgment below.   In
the argument before the court, this conclusion of the
commissioner was mainly the subject of discussion.   We
have, however, reviewed the briefs and record, and have
no doubt in regard to the correctness of the conclusions
reached in the first opinion, 4 Neb. (Unof.) 1, unless it
be with respect to the matter pointed out by Mr. Com-
missioner HASTINGS.   The objection made to the 5th in-
struction is that it required the plaintiff to prove not
only that the gravel in question was not refused by the
defendant because it was unsuitable, in the judgment of
its superintendent, for ballasting its railway, but also
that "the ballast furnished under such contract was suit-
able for such purposes."   In the next prior instruction
the jury were told:

"If you believe from the evidence that the gravel which was delivered to the defendant was, in the judgment of the superintendent of the railway company, not suitable for ballasting purposes as provided in the contract, and that the superintendent refused to take any more for such reason, and that the plaintiff was prior to October 5, 1895, so notified, then you should find for the defendant."

So that by the 4th instruction the jury were told under what circumstances their verdict should be for the defendant, and by the 5th instruction the circumstances are stated under which the verdict may be for the plaintiff. By these two instructions, taken together, the jury must have understood that, unless the plaintiff proved that the gravel furnished by him under the contract was suitable for ballasting for the defendant's railway, he could not recover. The question is whether this is a correct statement of the law.

There was evidence that the plaintiff urged the company to accept the gravel; and that the company, by its officers and agents, other than the superintendent, in answer to these requests, gave various reasons for not accepting the gravel at that time, but made no objection to the gravel as unsuitable for ballasting purposes. The defendant insists that, as these letters were not written by the superintendent, upon whose knowledge and opinion as to the quality of the gravel the matter depended, this evidence is of no importance. It is not, however, contended that these letters were incompetent as evidence; and, having been properly received, their weight and bearing upon the question at issue was a matter for the jury to determine. The testimony of the plaintiff himself that no objection was made to the quality of the gravel, and that the refusal to receive it was placed upon other grounds, although coming from a witness highly interested in the event of the suit, is so far corroborated by the evidence referred to, and other evidence in the record, as to require this question to be fairly submitted to the jury.

The trial court in another instruction told the jury

plainly that, if the gravel offered was, in the judgment of the defendant's superintendent, unfit or unsuitable for ballasting defendant's railway, then the defendant had the right to refuse to accept the same; and again in the 2d instruction:

"The defendant must prove that he objected and refused to take the gravel as and for the reason he alleges, and so notified the plaintiff prior to October 5, 1895." If this instruction is correct, then, if the defendant did not prove this, that is, if the evidence taken altogether did not show it, the plaintiff would be entitled to recover, and it would be wholly unnecessary for the plaintiff in addition to this fact to also prove that the gravel was, in fact, suitable for ballasting the defendant's railway. The defendant, of course, could not, during all the time the question of receiving the gravel was pending, lead the plaintiff to believe that, in the judgment of the superintendent, the gravel was suitable by raising other objections and giving other reasons for not receiving it, and, not having at any time notified the plaintiff that the gravel was unsuitable, defend upon that ground when sued. This would be the rule even though the fact were that the gravel was unsuitable for the uses for which the defendant desired it. If the jury were satisfied from the evidence that the defendant had not refused or objected to receive the gravel on the ground that it was unsuitable, in the judgment of its superintendent, the verdict should have been for the plaintiff. If it was established that the defendant had objected and refused to receive the gravel because, in the judgment of its superintendent, it was unsuitable, then the question might be whether this judgment of the superintendent was reasonable and based upon sufficient grounds; and upon that question it would be competent to show what the fact was in regard to the quality of the gravel and its suitableness for the purposes for which the defendant intended it.

We think that the reasoning of Mr. Commissioner HASTINGS upon this point is sound, and the conclusion

that instruction number five is erroneous is right. The judgment of reversal is therefore adhered to.

REVERSED.

BARNES, J., dissenting.

I am unable to concur in the foregoing opinion, for the following reasons:

When this case was before us the first time we affirmed the judgment of the trial court, 4 Neb. (Unof.) 1. Our second opinion, written by Mr. Commissioner HASTINGS, reverses the judgment of that court, 4 Neb. (Unof.) 13, and the majority now adhere to that opinion on the same ground and for the same reason set forth therein, to wit: that the court erred in giving instruction No. 5, because it required the plaintiff to prove more than was necessary to entitle him to recover. The pleadings are fairly set forth, in substance, in our first opinion, and no fault is found with, or criticisms passed upon, the facts or issues as stated therein; therefore, no further statement of the case will be made in this dissenting opinion. It is sufficient to say that the petition set forth the contract; alleged the breach of it by the defendant; stated that the plaintiff was at all times ready and willing to perform his part thereof; set forth the amount of his damages, and prayed for a judgment therefor.

The answer admitted the making of the contract, and the plaintiff's part performance; admitted that defendant refused to receive any more gravel thereunder; and affirmatively alleged as a reason for its refusal and as a defense to the plaintiff's petition that the gravel furnished by him was, in the judgment of the defendant's superintendent, unfit and unsuitable for ballasting purposes, and was, in fact, unfit therefor; that the defendant, during the life of the contract, notified the plaintiff of that fact, and thus terminated it according to its terms. The plaintiff by his reply alleged affirmatively that the gravel was, in fact, and in the judgment of the defendant's superintendent, fit and

suitable for ballasting purposes; that it was the kind of gravel contracted for; that the defendant had received 21,816 cubic yards thereof, as stated in the petition, and had used the same for ballasting its roadbed, and that the defendant, without reason, arbitrarily refused to receive the balance of the gravel contracted for by the agreement in question, after the expiration of the contract, for the purpose of avoiding and escaping its liability under said contract. The formal denials contained in the reply were rendered nugatory by these averments, because this new matter was inconsistent with such denials. This rule of construction is the one which should be applied to the reply, for it accords with the rule adopted by all of the courts in this country. In *State v. Hill,* 47 Neb. 456, it was held:

"Where the petition alleges the delivery of the official bond declared on, the allegations in the answer of a surety—following an averment therein that he signed upon condition the principal should also sign—that 'if it (the bond) was ever delivered, it was done in violation of the express condition aforesaid upon which the defendant signed said instrument,' must be treated as a substantial admission of the delivery of the bond."

When the plaintiff alleged in his reply that the gravel in question was suitable, in fact, and in the judgment of the defendant's superintendent, for ballasting purposes, and that the defendant, acting without reason and arbitrarily, and for the purpose of avoiding and escaping its liability under the contract, refused to receive the balance of the gravel contracted for, he clearly admitted the allegations of the defendant's answer as to notice and the termination of the contract, and assumed the burden of proving affirmatively that the gravel in question was, in fact, and in the judgment of the defendant's superintendent, suitable for ballasting purposes; that the defendant's refusal to receive it was arbitrary, and made for the sole purpose of avoiding its liability under the contract. That this was the legal effect of the plaintiff's reply seems be-

yond question. *Ketelman v. Chicago Brush Co.*, 65 Neb. 429; *Dinsmore & Co. v. Stimbert*, 12 Neb. 433; *Home Fire Ins. Co. v. Johansen*, 59 Neb. 349; *Johnson v. Hesser*, 61 Neb. 631. It is unnecessary to cite further authority to support this well settled rule.

The plaintiff, having by his own pleadings assumed the burden of proof as to the matters above stated, introduced no evidence whatever in support of the allegations contained in his reply; while the defendant's superintendent testified that in his judgment, and in fact, the gravel was unsuitable for ballasting defendant's road; that under his orders notice of that fact was given to the plaintiff, as soon as it was possible to determine it, and the contract was thus terminated before its expiration. The plaintiff not only failed to controvert this evidence, but tacitly admitted that numerous conversations had occurred between himself and the defendant's superintendent about the quality of the gravel; that the question was discussed between them of how to treat it, and what, if anything, they could put with it to render it suitable for the defendant's use. Under the pleadings it would have been proper for the court to have instructed the jury that the burden of proof was on the plaintiff to show that the gravel in question was, in fact, and in the judgment of the defendant's superintendent, fit for its use; and that the defendant's refusal to take the same was arbitrary and unwarranted by the facts. And yet, by the instruction complained of, the jury were told generally that if they found these facts affirmatively the plaintiff would be entitled to recover. The instruction was general in its terms, and applied to the defendant's evidence as well as that of the plaintiff. The jury must have understood that it applied to all of the evidence in the case. It fairly covered the issues presented, and in such a way that the plaintiff had no right to complain of its effect. In fact it was much more favorable to him than to the defendant. It thus seems clear that my associates have failed to properly analyze the pleadings, and are mistaken as to the

real issues presented by them. It is. conceded that the plaintiff was bound to show that the action of the defendant's superintendent was arbitrary and unwarranted. The only way he could do this was to prove that the gravel in question was in fact suitable for the defendant's use, and was such as was contemplated by the contract. For these reasons, it is apparent that the court did not err in giving the instruction complained of. Again, it seems clear from the record that under the pleadings and the evidence, as contained therein, a judgment for the defendant is the only one that could have properly been rendered. For this reason, if for no other, the instruction did not prejudice the plaintiff's rights.

For the foregoing reasons, it seems to me that our second opinion should be set aside; that our first opinion should be adhered to, and the judgment of the district court affirmed.