ANNA J. WILSON, APPELLANT, v. L. AUGUSTUS WILSON, APPELLEE.

FILED JUNE 26, 1913.   No. 17,851.

1. Appeal: ASSIGNMENTS OF ERROR. The judgments of the district courts of this state are presumed to be correct, and counsel assail-ing the correctness of the same must assume the burden of pointing out specifically the rulings of which they complain and the mistake made by the trial court.

2. ———: IMMATERIAL EVIDENCE. A case tried to the court without the intervention of a jury will not be reversed on account of the introduction of immaterial testimony, if there is sufficient competent and material evidence in the record to sustain the judgment.

APPEAL from the district court for Gosper county: ERNEST B. PERRY, JUDGE. *Affirmed.*

*Lafe Burnett* and *R. D. Stearns,* for appellant.

*Ritchie & Wolff* and *O. E. Bozarth, contra.*

LETTON, J.

This is a second appeal by a ward from a settlement of her estate made by her guardian. The former opinion may be found in 90 Neb. 353, 361. A large number of complaints seem to be made in the brief with reference to different items in the accounting, but the objections are not pointed out specifically enough, except in a few instances. We find, however, a number of assignments of error which will be considered separately.

1. It is complained that the court erred in overruling the ward's motion for reasonable attorney's fees and expenses, and it is said that, where litigation is caused by the guardian's neglect, he is liable for the costs of litigation, as well as attorney's fees. The abstract shows that the ward's motion to be allowed expenses incurred in the case to the amount of $215.19 was sustained to the amount

of $90.67, and that $100 attorney's fees was allowed "for this trial." There has been no affirmative showing made that these allowances were insufficient, nor has any evidence been pointed out to convince us that such is the fact.

2. It is next assigned that "the court erred in permitting defendant to encumber the record with immaterial matter over the objection of plaintiff." We have repeatedly held that the introduction of immaterial testimony in a case tried to the court is not prejudicial error, if there is sufficient competent and material evidence in the record to sustain the judgment. Of course, if a party introduces a mass of testimony on the statement that it is material, and the trial court finds it has no bearing upon the issues, there is no doubt that the costs so made would, on seasonable application being made, be taxed to the party thus needlessly encumbering the record. This does not appear to have been done.

3. That the court erred in its rulings on objections interposed by defendant by excluding questions asked the witness Lewis, who was the judge of the county court, as to his reasons for including the dower of $500 in the judgment. The reasons of the court were entirely immaterial and could throw no possible light upon the issues in the case. The evidence was properly excluded.

4. That the court erred "in allowing the defendant to deny his own sworn report, pages 258 to 260, inclusive." We find no testimony in the record at the pages named to which this assignment is applicable. To attempt to search through hundreds of pages of a lengthy and confused bill of exceptions to ascertain what testimony is applicable to this assignment is too much of an imposition upon the court, and in the crowded condition of our docket is too unfair to other litigants to justify the effort. Where a multitude of items are involved, as in this case, it is the duty of counsel to point out specifically the particular pages of the abstract, in a case where abstracts are used, or of the bill of exceptions in cases without abstracts,

16

where the evidence or ruling justifying the contention is to be found.

5. These are the only specific assignments of error made. A large number of items are complained of in the brief of appellant, but the particular errors of which complaint is made are not clearly pointed out. Explanations as to many of these items are made in the brief of appellee, and others seem, so far as we can see, to have been decided properly by the district court. The presumption is that the trial court on the second hearing followed the principles laid down by this court in the former opinion. It has not been affirmatively shown that it has not done so. It would take an expert accountant to bring order out of the chaos presented by this record and abstract, and the court must decline a task for which it is in no way fitted. If a litigant desires such a case as this reviewed as to each item, the matters complained of must be clearly and specifically pointed out, and the fact that the trial court made a mistake made apparent. This has not been done.

We find no reason to disturb the findings of the district court, and its judgment is therefore

AFFIRMED.

ROSE, FAWCETT and HAMER, JJ., not sitting.