ERNEST C. PACKARD ET AL., APPELLEES, V. LEROY A. DE
VOE, APPELLANT.

FILED DECEMBER 24, 1913.   No. 17,519.

1. **Appeal:** INSTRUCTIONS.  Where the record clearly shows that no ex-
ceptions were taken to the instructions given the jury by the
trial court, error cannot be predicated on the giving of such in-
structions.

2. ———: ASSIGNMENTS OF ERROR: BRIEFS.  If appellant's brief fails to
set out particularly errors asserted and intended to be urged for
a reversal, vacation or modification of the judgment, final order
or decree alleged to be erroneous, such alleged errors will not be
reviewed on appeal.

APPEAL from the district court for Keith county: HAN-
SON M. GRIMES, JUDGE.  *Affirmed.*

*A. Muldoon* and *Leroy A. De Voe,* for appellant.

*William E. Shuman, contra.*

BARNES, J.

This action was commenced before a justice of the peace
of Keith county to recover $160 for services rendered by
plaintiffs to defendant in the sale of certain land situated
in said county.  The plaintiffs had the judgment, and the
defendant appealed to the district court, where, on a trial
to a jury, the plaintiffs were given a verdict and judgment
for the sum of $122.92, and the defendant has brought the
case to this court by an appeal.

It appears that the defendant bid in a half section of
land at a referee's sale on January 22, 1910, which sale
was not confirmed until after the defendant resold the land
to a purchaser with whom the plaintiffs put the defendant
in touch; that, without any outlay on defendant's part,
the sale was made at an advance of $500 over the sum bid
at the referee's sale.  The defendant filed a general denial
to plaintiffs' petition, and upon the trial it was shown,

beyond question, that defendant had by certain letters authorized the plaintiffs to assist him in making the sale, which was afterwards consummated. The district court, among other things, instructed the jury as follows: "The jury are instructed that it is no defense that the defendant sold the land for less than the price at which he requested the plaintiffs to sell the land. The plaintiffs, even if such is true, are entitled to compensation for such services as they rendered, if said plaintiffs were the procuring cause of the sale of said land." The testimony disclosed the fact that plaintiffs found the purchaser, and informed the defendant of that fact, and put the parties in communication with each other; that there was some negotiation about the price of the land, and that defendant finally sold it to the purchaser for a less price than he had quoted it to the plaintiffs. We find from an examination of the record that no exceptions were taken by the defendant to any of the court's instructions, and the cause was tried upon the issues presented by the instructions without objection.

It is next contended that there was a defect of parties, and the plaintiffs cannot recover under the contract; that the suit is brought in the name of Ernest C. Packard and Otis B. McLaughlin, and that there was no evidence to show that the defendant in any manner listed the land with the plaintiff, Otis B. McLaughlin, or the partnership as such. The letters, with other evidence produced by plaintiffs, clearly established the fact that defendant understood the land was listed with the plaintiffs, and the defendant's contention cannot be sustained.

It is also contended that the verdict is excessive, but we find from an examination of the record that the evidence fully sustains the amount of the judgment.

This record is a peculiar one. It contains no objections, except as to the sufficiency of the letters to constitute a contract, and no exceptions of any kind appear therein. Appellant's brief fails to comply with the provisions of section 675c of the code, which provides: "The brief of appellant shall set out particularly each error asserted

and intended to be urged for the reversal, vacation or modification of the judgment, decree or final order alleged to be erroneous." In such case, assignments not so made and definitely discussed in the brief will not ordinarily be considered. *Waxham v. Fink,* 86 Neb. 180; *First Nat. Bank v. Hedgecock,* 87 Neb. 220.

The judgment of the district court is

AFFIRMED.

LETTON, FAWCETT and HAMER, JJ., not sitting.