WILSON B. SELLERS, APPELLEE, V. JENNIE JOHNSON, APPELLANT.

FILED FEBRUARY 16, 1922. No. 21865.

**Appeal:** ASSIGNMENT OF ERRORS. Assignment of errors in the following language: "(1) The court erred in ordering confirmation of

the sale; (2) the decree is so indefinite and uncertain that therefrom cannot be determined the redemptor nor the rights of Jennie Sellers, now Johnson, in the property"—*held* to be insufficient under section 8192, Rev. St. 1913.

APPEAL from the district court for Lancaster county: WILLIAM M. MORNING, JUDGE. *Affirmed.*

*R. J. Greene* and *H. C. Wilson,* for appellant.

*J. C. McNerney, contra.*

Heard before LETTON, DEAN and DAY, JJ., ALLEN and BEGLEY, District Judges.

ALLEN, District Judge.

From a meager and confused record, we gather the following facts: April 5, 1914, George W. Sellers entered into a contract to purchase lot 19, block 1, in the Lincoln Driving Park Company's second subdivision to the city of Lincoln, for the agreed sum of $1,500, $500 to be paid by the assumption of a mortgage thereon and $1,000 in $10 monthly payments without interest. The purchaser died April 13, 1917, and J. A. McGraw was appointed administrator of his estate. The plaintiff, Wilson B. Sellers, became the owner of the contract and brought this suit to foreclose it, making J. A. McGraw, Jennie Johnson, appellant, Fannie Sellers, Ossie Sellers, and Oddie Sellers defendants. The defendants Ossie Sellers and Oddie Sellers are the surviving sons of George W. Sellers, and Jennie Johnson and Fannie Sellers claim, respectively, to be his widow. The defendant Johnson married one Zachariah Johnson, who was made a defendant, but he was defaulted. The contract was foreclosed by a decree passed January 2, 1920, and an order of sale was issued October 4, 1920, and the property advertised and sold by the sheriff November 9, 1920, and a return thereof promptly made. The defendant Jennie Johnson filed objections to the confirmation of the sale, which were overruled, and from the order of confirmation entered November 27, 1920, she has appealed.

The following are the only errors assigned: "(1) The court erred in ordering confirmation of the sale; (2) the decree is so indefinite and uncertain that therefrom cannot be determined the redemptor nor the rights of Jennie Sellers, now Johnson, in the property."

The first assignment is not sufficiently specific, as it fails to point out in what particular the court erred in ordering a confirmation of the sale; and the second is not sufficiently specific because it fails to state the particular in which the decree is "indefinite and uncertain." Rev. St. 1913, sec. 8192; *Waxham v. Fink,* 86 Neb. 180; *Packard v. De Voe,* 94 Neb. 740; *Wilson v. Wilson,* 94 Neb. 192. The consensus of judicial opinion supports this conclusion.

In addition to this, if the decree was not satisfactory to the appellant, she should have applied to the district court to correct it before appealing. In fairness to the trial judge his attention should have been called to the alleged omission. The judgment of the district court is, therefore,

AFFIRMED.