ETHEL ROSS, ADMINISTRATRIX, APPELLEE, V. EDWARD H.
CARROLL ET AL., APPELLANTS.

299 N. W. 477

FILED AUGUST 1, 1941.   No. 31167.

*Chambers, Holland & Locke* and *T. J. Kiesselbach,* for appellants.

*Kenneth S. Wherry* and *John C. Mullen, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE and YEAGER, JJ.

ROSE, J.

This action was commenced in the district court for Richardson county under Lord Campbell's Act, Comp. St. 1929, sec. 30-809, to recover from defendants $25,000 in damages for alleged negligence resulting in a collision between motor vehicles on a public highway and in the death of Chester Morgan Ross whose widow, Ethel Ross, is plaintiff and administratrix of the estate of decedent.

The collision occurred in Gage county on the morning of June 20, 1938, on a graveled curve in the highway at the intersection eight miles east and one mile north of Beatrice between that city and Vesta.  On the way from Vesta to Beatrice, Ross, a guest, was riding in a 1925 Model T

Ford roadster with the owner, Alva Ross Moslander, at the wheel. Neither driver nor guest was conscious after the collision and both died that day in a hospital at Beatrice.

The other car in the collision was an International truck, weighing at the time about 8,500 pounds, owned by Edward H. Carroll and Harold A. Morgan, partners as Carroll-Morgan Company, defendants, and driven by Melvin Neff, also a defendant.

Among the alleged acts of negligence imputed by plaintiff to defendants are the following: Excessive speed on a curve where vision in the course of travel was obstructed at the intersection; failure to give a signal when approaching the intersection or when driving on the curve; driving on the wrong side of the highway on a curve.

In an answer to the petition defendants denied the negligence imputed to them by plaintiff, and alleged that the proximate cause of the collision and of resulting damages was the negligence of Ross and Moslander. The reply to the answer was a general denial.

Upon a trial of the cause the jury rendered a verdict in favor of plaintiff for $4,000. From judgment therefor, defendants appealed.

The principal ground urged by defendants for a reversal is insufficiency of the evidence to sustain a verdict in favor of plaintiff. It is earnestly argued that the trial court erred in refusing to direct a verdict in favor of defendants at the close of plaintiff's evidence and again when both sides rested.

At a former trial the district court directed a verdict for defendants at the close of plaintiff's evidence. From a dismissal of the action plaintiff appealed to the supreme court, where the dismissal was reversed and the cause remanded for further proceedings. *Ross v. Carroll*, 138 Neb. 1, 291 N. W. 726. The issues were the same at both trials. Undisputed facts are: The driver of the Ford was on his way from Vesta to Beatrice, going around the curve described. The driver of the truck was going in the op-

posite direction on the same curve. The vehicles collided on the curve. The two occupants of the Ford were fatally injured by the impact and did not live to tell the story. The Ford was practically demolished. The truck was turned on its right side. There is evidence that it entered the curve at a speed of 30 or 35 miles an hour; that visibility of the highway in the course of travel was limited and that no horn was sounded. Under the pleadings, this was the principal issue of fact: Was the negligence of defendants' driver the proximate cause of the collision? On behalf of plaintiff it is insisted that she proved the affirmative by circumstances and by the position and condition of the two cars after the collision. Some of plaintiff's witnesses who came on the scene before the cars were removed testified to the effect that part of the truck was across the center line of the highway on the wrong side—in the Ford's lane of travel; that broken glass and oil were observed there, indicating the place of impact, and that the Ford was on the proper side of the highway.

Plaintiff's evidence was reviewed at some length in the former opinion and, after stating the rule for determining its sufficiency, the following conclusion was announced:

"Under the above rule, this evidence is sufficient to support a finding that the defendants' truck was driven upon the wrong side of the road into a blind corner, where visibility was limited to 40 feet ahead, at a speed of thirty miles an hour, without the sounding of a horn, and that the Ford in which plaintiff's husband was riding as a passenger was upon its own side of the road." *Ross v. Carroll*, 138 Neb. 1, 291 N. W. 726.

The import of the evidence adduced by plaintiff at the former trial is the same as her evidence herein. There is, however, an additional item of evidence in the record now under consideration. Stella Moslander, mother of Alva Ross Moslander, testified that, on the day of the fatal collision, she met Edward H. Carroll and Melvin Neff in the emergency room of the hospital to which Ross and Moslander, fatally injured and unconscious, had been

taken, and heard a conversation in which Carroll said to Neff, "See what you have done," and Neff said, "I know. I was driving too fast and I was too far past the center of the road." This conversation was positively denied by both Carroll and Neff, but each admitted he was present at the time and place indicated and then and there met the witness and saw the two victims of the fatal collision. Testimony that the truck came to rest on the wrong side of the center of the highway was also contradicted by witnesses who testified on behalf of defendants, but the credibility of the witnesses on both sides and the weight of their testimony were questions for the jury, where, as in the present instance, there were no uncontradicted physical facts or circumstances to disprove the facts to which the witnesses for plaintiff testified or to show they were unworthy of belief.

The evidence adduced by plaintiff was examined on the former appeal and again on motion for a rehearing and held sufficient to support a verdict in favor of plaintiff. On the second trial the verdict was in her favor and on the second appeal the reviewing court has reached the conclusion that the verdict was sustained by the evidence. The assignments of error directed to insufficiency of the evidence are therefore overruled.

It is further contended that the judgment should be reversed on the ground that the district court erroneously gave an instruction containing the last clear chance doctrine to the effect that, if the driver of the truck discovered the peril of the occupants of the oncoming Ford in time to avoid the collision by the exercise of ordinary care and failed to do so, defendants may be held liable to plaintiff for resulting damages. The objection to this instruction is that the doctrine of the last clear chance presupposes time for action and opportunity to prevent injury, which defendants say the driver of the truck did not have in the case at bar, citing *Nielsen v. Yellow Cab & Baggage Co.*, 130 Neb. 457, 265 N. W. 420, and *Diehm v. Dargaczewski*, 135 Neb. 251, 280 N. W. 898. The evidence tends to prove

that there was negligence of the truck driver who saw the Ford when it was 30 or 35 feet away; that the left front corners of both cars were damaged by the impact, indicating a turn of the truck to the right would have avoided a collision; that the driver of the truck applied the brakes but did not turn to the right; that there was space to the right of the gravel for a right turn to avoid the collision; that the Ford was in the proper lane of travel. With evidence tending to prove such facts, error in the giving of the instruction containing the last clear chance doctrine is not affirmatively shown.

Instructions on the measure of damages are criticized but are not prejudicial to defendants, if erroneous. There is nothing in the record to indicate that the jurors were prompted by passion or prejudice to render a verdict in favor of plaintiff for $4,000. That amount is not excessive under the evidence, which shows that Chester Morgan Ross had good health; that he was 25 years of age at the time of his death; that he was a good carpenter capable of earning, and had been paid, 85 cents an hour for his work; that his expectancy of life was 37 years; that he died June 20, 1938, and left a wife who gave birth to a child October 14, 1938. On the facts of the record as found by the jury the verdict should not be held excessive or the instructions on damages prejudicial to defendants. *Lindley v. Wabash R. Co.*, 120 Neb. 195, 204, 231 N. W. 812, 233 N. W. 450. Reversible error has not been found and the judgment is

AFFIRMED.