RESSIE MOSLANDER, ADMINISTRATRIX, APPELLEE, V. EDWARD H. CARROLL ET AL., APPELLANTS.

299 N. W. 479

FILED AUGUST 1, 1941. No. 31226.

*Chambers, Holland & Locke* and *Paul P. Chaney*, for appellants.

*Kenneth S. Wherry* and *John C. Mullen*, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE and YEAGER, JJ.

ROSE, J.

This action was commenced in the district court for Richardson county under Lord Campbell's Act, Comp. St. 1929, sec. 30-809, to recover from defendants $25,150 in damages for alleged negligence resulting in a collision between motor vehicles on a public highway and in the death of Alva Ross Moslander whose widow, Ressie Moslander, is plaintiff and administratrix of decedent's estate.

The collision occurred in Gage county on the morning of June 20, 1938, on a graveled curve in the highway at the intersection eight miles east and one mile north of Beatrice between that city and Vesta. On the way from Vesta to Beatrice Moslander was driving a 1925 Model T

Ford roadster accompanied by Chester Morgan Ross, a guest. Neither guest nor driver was conscious after the collision and both died that day.

The other car in the collision was an International truck owned by Edward H. Carroll and Harold A. Morgan, partners as Carroll-Morgan Company, defendants, and driven by Melvin Neff, also a defendant.

Among the alleged acts of negligence imputed by plaintiff to defendants are the following: Excessive speed on a curve where vision in the course of travel was obstructed at the intersection; failure to give a signal when approaching the intersection or when driving on the curve; driving on the wrong side of the highway on a curve.

In answer to the petition defendants denied the negligence imputed to them by plaintiff, and alleged that the proximate cause of the collision and of the resulting damages was the negligence of Moslander and Ross. The reply to the answer was a general denial.

Upon a trial of the cause the jury rendered a verdict in favor of plaintiff for $5,500. From judgment therefor, defendants appealed.

The claim of plaintiff is based on the negligence and collision involved in *Ross v. Carroll, ante,* p. 350, 299 N. W. 477. The issues of fact and law in both cases were practically identical and in controlling respects the evidence was the same. The appeals were submitted and considered together. The evidence herein shows that Alva Ross Moslander was 24 years of age at the time of his death, June 20, 1938; that his health had been good; that he left a wife and two children, and that his wife gave birth to a third child January 27, 1939; that the husband had earned $56 a month and had a life expectancy of 38 years. The record contains nothing to indicate that the jury were prompted by passion or prejudice in finding the damages to be $5,500, nor is that amount excessive in the light of the evidence. For the reasons stated in the opinion in the *Ross-Carroll* case, the judgment below is

AFFIRMED.