FRANK VAN WYE, APPELLEE, v. ROBERT L. WAGNER, DOING BUSINESS AS FERTILIZER & CHEMICAL SUP. CO., ET AL., APPELLANTS.

79 N. W. 2d 281

Filed November 9, 1956. No. 33981.

*Philip H. Robinson* and *Frederick M. Deutsch,* for appellants.

*Mark J. Ryan* and *Edward L. Moran,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action for damages for personal injuries by Frank Van Wye, plaintiff and appellee, against Robert L. Wagner, doing business as Fertilizer & Chemical Sup. Co., and Robert Wagner, Jr., defendants and appellants.

The action was tried to a jury at the conclusion of which a verdict was returned in favor of plaintiff and against the defendant for $31,500. Judgment was rendered on the verdict. Thereafter a motion for new trial was filed. This motion was overruled. From the judgment and the order overruling the motion for new trial the defendants have appealed. By the appeal no question of liability on the part of the defendants is presented. The only questions presented relate to submission by the trial court of issues, the failure of the court to instruct properly as to the measure of damages, and the amount or size of the verdict. There are three assignments of error, as follows:

"1. The court erred in giving on its own motion its Instruction No. 11 * * *, because it informed the jury that it should consider plaintiff's medical expense al-

though none was claimed in the pleadings and no evidence of the cost or value of the same was offered.

"2. The court failed to instruct the jury on the proper measure of damages.

"3. The verdict of the jury is excessive."

In an approach to the determination upon the first assignment it must be said that there was no claim presented to the jury for medical or hospital expense. No recovery was claimed for these expenses for the reason that the plaintiff was a sergeant in the United States Army and on this account he was not required to pay for or obligate himself to pay for the services.

The court, notwithstanding this, did in instruction No. 11 submit the question of medical expense in the following manner: "* * * In this connection you are instructed that in arriving at your verdict you should take into consideration plaintiff's injuries, if any he has sustained; * * * together with whatever medical expense to which he has been put on account of his injuries, if any has been shown; * * *."

The submission of an issue to a jury which has been pleaded but not proved is error. In Long v. Whalen, 160 Neb. 813, 71 N. W. 2d 496, it was said: "It is error for the trial court to submit to the jury an issue pleaded by the plaintiff which under the evidence produced in the case affords no basis of recovery by the pleader." See, also, Barney v. Adcock, 162 Neb. 179, 75 N. W. 2d 683. This rule is applicable in a case such as this where there is neither pleading nor proof. Barney v. Adcock, *supra.*

In such a situation the error must be regarded as prejudicial unless it is apparent from the record that the incorrect instruction did not affect the result unfavorably to the complaining party. The rule is set forth in Long v. Whalen, *supra,* as follows: "If it does not appear from the record that an incorrect instruction to the jury did not affect the result of the trial of the case unfavorably to the party affected by it the giving

of the instruction must be considered prejudicial error."

An apposite statement of the rule is found in Bailey v. Spindler, 161 Neb. 563, 74 N. W. 2d 344, as follows: "It is error without prejudice to instruct on questions not raised by pleadings or applicable evidence when the instructions do not have a tendency to mislead the jury." See, also, Ross v. Carroll, 140 Neb. 350, 299 N. W. 477; In re Estate of Keup, 145 Neb. 729, 18 N. W. 2d 63; Becker v. Hasebroock, 157 Neb. 353, 59 N. W. 2d 560.

It becomes apparent from this that as to this assignment this court is called upon to determine the question of whether or not the error was prejudicial. In response to this question the conclusion is reached that the effect of the last five words of the quoted portion of the instruction which are "if any has been shown," together with the fact that the parties and the jury well understood that the plaintiff was treated by the army without cost to him and that thus the record affirmatively shows that no such issue existed, is fairly and reasonably determinative of this question. Effectually and without uncertainty the jury was told that in case of recovery by the plaintiff it could properly allow medical expense if any had been shown. To say that this instruction was prejudicially erroneous would be to say that the jury was incapable of understanding the clear and explicit language, the meaning of words, and the undisputed facts. Such a conclusion cannot be justified.

The first assignment of error must therefore be said to be without merit.

In the light of the instructions given, the assignment itself, and the argument, the basis of the second assignment of error has not become apparent, in consequence it must be said to be without merit.

The first instruction sets forth plaintiff's claim. Succeeding instructions define the issues and the approach which was required of the jury as to principles of law and the evidence. The eleventh instruction sets forth

a measure of damages. The point of the assignment of error is not that the court did not instruct as to the measure of damages, but only that it did so improperly.

The defendants, notwithstanding this, have wholly failed to point to any particular deficiency or impropriety in the instruction either in the assignment of error or in argument.

For verification of this statement as applied to the assignment itself reference is made to it as quoted herein. The argument consists of the statement in general terms of a legal proposition with citations, together with the following observation, and nothing more: "We believe the foregoing Nebraska cases required the court to define the items of damages and to define the method of arriving at them. This, it did not do."

This in the light of the statute and the decisions leaves this court without any proper basis for a consideration of the assignment of error. Section 25-1919, R. R. S. 1943, provides: "* * * The brief of appellant shall set out particularly each error asserted and intended to be urged for the reversal, vacation or modification of the judgment, decree or final order alleged to be erroneous; * * *."

In the early case of Quinn v. Moss, 45 Neb. 614, 63 N. W. 931, it was said: "An assignment of error is insufficient which fails to point out the particular error objected to."

In Wilson v. Wilson, 94 Neb. 192, 142 N. W. 543, it was said: "The judgments of the district courts of this state are presumed to be correct, and counsel assailing the correctness of the same must assume the burden of pointing out specifically the rulings of which they complain and the mistake made by the trial court." See, also, Ketelman v. Chicago Brush Co., 65 Neb. 429, 91 N. W. 282; Packard v. De Voe, 94 Neb. 740, 144 N. W. 813; Labs v. Farmers State Bank, 135 Neb. 130, 280 N. W. 452.

By the third assignment, as has been pointed out, it

is charged that the verdict is excessive. A late expression of this court of the proper basis for determining whether or not a verdict is excessive is found in Peacock v. J. L. Brandeis & Sons, 157 Neb. 514, 60 N. W. 2d 643. Numerous citations of other cases supporting that expression appear in the opinion in that case and therefore they will not be repeated herein. That expression is as follows: "The question of the amount of damage is one solely for the jury and its action in this respect will not be disturbed on appeal if it is supported by evidence and bears a reasonable relationship to the elements of injury and damage proved."

In this case the major elements of injury and damage are the character and extent of the injury, the past, present, and future effect upon the plaintiff, as proved, and the loss of earnings, past, present, and future, also as proved.

The evidence discloses that at the time of the accident which was the basis of this action the plaintiff was of the age of 33 years. He was a sergeant first class in the United States Army. He was otherwise untrained in any occupation. He had some experience in occupations involving the handling of heavy equipment. At the time of injury his salary and other allowances amounted to $342 a month. As to injuries, no effort will be made to do more than generally refer to and describe them. The evidence discloses that the ball of the left femur and its socket were displaced backward which displacement is permanent and on account thereof there is a restriction of movement. The leg was severely burned as a result of which numerous skin grafts were required. There were other less serious injuries which will not be described since those described furnish the true basis for the consideration of whether or not within the rule stated it may be said that the verdict was excessive.

The evidence further discloses that as a result of the injuries the plaintiff was hospitalized in Yankton, South Dakota, for 11 days; at Fort Riley, Kansas, for 3 months;

and thereafter at Fitzsimons Army Hospital at Denver, Colorado, until September 1955, except for brief convalescence periods and a brief return to duty. During this period he submitted to numerous operations the apparent main purpose of which was to produce a recovery from the burns. During all of this period he suffered constant pain.

The evidence of plaintiff discloses that at the time of trial plaintiff's total and permanent loss of physical ability was 60 per cent. This is not directly disputed. The evidence also discloses that plaintiff will suffer pain the rest of his life.

In this connection the evidence of the defendants is to the effect that the pain may be eliminated by an operation which would immobilize the joint but it does not have the effect of saying that the operation would reduce the percentage of disability. Such an inference may however be drawn therefrom.

As pointed out the monthly income of plaintiff while he was in the army was $342. He received a disability discharge from the army in September 1955. He was awarded disability compensation in the amount of $145 a month. He will continue to receive that amount during his lifetime. The trial of this case was concluded on October 25, 1955. At that time the plaintiff was of the age of 36 years. On the trial excerpts from three expectancy tables which contained the life expectancy of a man of 36 years of age were received in evidence. One showed 30.15 years, one 31.07, and the third 32.59.

From this it appears that before the trial the plaintiff suffered a loss in pay of approximately $197. Also if it be assumed that the plaintiff would live out the expectancy of the table providing the minimum and that he would remain in the army for that length of time he would be deprived of additional pay in the amount of $71,274.60.

Of course, in this elements of speculation are involved,

such as partial discontinuance of income on account of a release of obligation to support dependents, and voluntary separation from the service. There is evidence that included in the $342 was an amount for support of dependents.

There is evidence the effect of which is to say that the plaintiff at the time of the trial was unable on account of his physical condition and lack of training to engage in any other occupation whereby he might gain earnings to offset his loss of earnings in the United States Army.

It requires no citation of authority to confirm an assertion here that the plaintiff was entitled to receive a reasonable amount to be fixed by the jury on account of pain and suffering. No fixed basis for such an allowance has ever been declared.

Neither one nor all of the phases of this discussion of the damages to plaintiff fix the amount he was entitled to receive at the hands of the jury, but together they appear to demonstrate that the allowance of $31,500 in this case did not violate unfavorably to the defendants the rule that it must appear from the evidence that the allowance bears a reasonable relationship to the elements of injury and damage proved.

The judgment of the district court is affirmed.

AFFIRMED.