AMERICAN TELEPHONE & TELEGRAPH CORPORATION, A COR-
PORATION, APPELLANT, V. EDDIE G. THOMPSON, DOING BUSI-
NESS AS THOMPSON CONSTRUCTION COMPANY, A CORPORA-
TION, APPELLEE.

227 N. W. 2d 7

Filed March 20, 1975. No. 39611.

Edward F. Barnicle, Jr., and Casey & Elworth, for appellant.

Michael F. Kinney and Theodore J. Stouffer of Cassem, Tierney, Adams & Henatsch, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, Mc-COWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

American Telephone and Telegraph Corporation brought this action against Thompson Construction Company to recover for damages which occurred when the defendant, in the process of excavating for a gas line, cut a communications cable carrying 397 voice grade circuits belonging to the plaintiff. As a consequence of the cutting, the plaintiff was unable to use 98 miles of cable during the approximately 9 hours required to make the repairs. During that time plaintiff rerouted over other facilities owned by it communications which would normally have been transmitted over this 98-mile route.

The plaintiff claimed damages for repair of the cable in the sum of $1,490.49, and the value of the loss of use of the cable route measured by the reasonable cost of rental cable in the amount of $13,760.02. The trial judge directed a verdict for the plaintiff on the issue of liability and submitted to the jury only the issue of damages. The jury rendered a verdict for the sum of $2,769, and the plaintiff appeals. It seeks a new trial on the ground that the verdict is insufficient and made in disregard of uncontradicted evidence as to the amount of damages. We affirm.

No issue is raised or argued as to what constitutes the proper measure of damages. The theory of damages upon which the case is submitted is not challenged. The sole question is whether the jury was required to accept the plaintiff's evidence as to the amount of damages. The defendant offered no contradicting evidence.

The parties apparently agree, even though the verdict for damages was a lump sum, that the verdict was an award of $1,490 for the cost of repair, and that the difference of $1,279 was for the loss of use. The arguments of the parties are therefore focused upon the question of whether the plaintiff's evidence of the rental value of substituted facilities during the 9-hour period of loss of use had to be accepted by the jury.

To support the claimed rental value the plaintiff offered and there was received in evidence a contract between the plaintiff and Western Union Telegraph Company. The charge made to Western Union by plaintiff under this contract for the use of similar facilities for a short period of time was the rental value claimed as damages. The calculation of such charges as they would have been applicable to the cable in question was made in the following manner:

1. One voice grade circuit for 98 miles per month:
    (a) first 20 miles at $1.50 per mile equals      $30.00
    (b) next 55 miles at $.75 per mile equals        41.25

   (c) next 23 miles at $.45 per mile equals    $10.35

|  |  |  |
|---|---|---|
|  |  | $81.60 |
| 2. | Section charge | 15.00 |
|  | Sub-total | $96.60 |
| 3. | One day or less: 10 percent of monthly charge equals | 9.66 |
| 4. | Set up charge | 25.00 |
|  | Total | $34.66 |
| 5. | 397 circuits multiplied by $34.66 equals | $13,760.02 |

The plaintiff argues that since the jury apparently allowed the cost of repairs in the amount of $1,490, and awarded only $1,279 for loss of use, there is no logical way in which such a figure can be supported by the evidence. It asserts that the verdict therefore must be the result of mistake or some other means not appearing in the record, and is therefore inadequate and contrary to the evidence. On cross-examination the witness for the plaintiff who furnished the foundational testimony for the contract and the calculations testified: "Q Do you know whether there is any justification for charging a person 10% of a monthly rental when, in fact, he may use it for as little as one-tenth of one per cent of a month? A I can't answer that . . . . Q Now, in addition to the 10% of a monthly rental, I understand that there is a setting-up fee of $25.00, which we discussed. Would you tell me what the purpose is of the $25.00 setting up fee? . . . A That I can't answer."

The defendant argues that it is quite possible the jury could have arrived at the verdict by the following calculation which is a reasonable one: $9.66 ÷ 3 x 397 = $1,278.34 for loss of use. This calculation disregards the $25 set up charge per circuit which the witness could not justify except for the fact that it was provided for in the contract between plaintiff and Western Union. This possible calculation also would indicate the use of a daily

charge at one-thirtieth of the monthly charge rather than the one-tenth provided in the contract.

Even though in a particular case evidence of damages in a tort action has not been contradicted, it is, at least ordinarily, for the jury to judge the evidence and determine the reliability thereof and find the damages. This is the general rule even upon a default either where the evidence is controverted or where the introduction of evidence is necessary to prove damages. 25A C. J. S., Damages, § 168, p. 128. For an interesting historical insight on the jury's role in determining damages, see McCormick, Damages, §§ 5, 16, pp. 21, 62. Rental value is not necessarily the "measure" of damages, rather, proof of what the item whose use has been lost would have rented for is admitted as evidence of value. McCormick, Damages, § 124, cases cited in note 48, p. 473.

We have stated or applied these principles in a variety of situations. Cullinane v. Milder Oil Co., 174 Neb. 162, 116 N. W. 2d 25 (personal injuries—medical expense—loss of time); Burney v. Ehlers, 185 Neb. 51, 173 N. W. 2d 398 (cost of repairs of an automobile); Myers v. Platte Valley Public Power & Irr. Dist., 159 Neb. 493, 67 N. W. 2d 739 (damage to land by seepage—jury verdict less than that which the defendant had offered to confess judgment—trial court set verdict aside—we reinstated jury verdict).

In Van Wye v. Wagner, 163 Neb. 205, 79 N. W. 2d 281 (a personal injury action), we set forth the general rule in the following language: "The question of the amount of damage is one solely for the jury and its action in this respect will not be disturbed on appeal if it is supported by evidence and bears a reasonable relationship to the elements of injury and damage proved." We reiterated the above language in Frank H. Gibson, Inc. v. Omaha Coffee Co., 179 Neb. 169, 137 N. W. 2d 701, an action for conspiracy to unlawfully take over a business.

AFFIRMED.