LULU McCOY, APPELLANT, v. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLEE.

FILED APRIL 17, 1920.    No. 20942.

Street Railways: INJURY TO PASSENGER: DUTY OF CONDUCTOR. Where a street car is slowing speed for the purpose of stopping and discharging a passenger, in response to a signal, it is not the duty of the conductor to warn the passenger, who has proceeded to the rear platform with the apparent purpose of being in readiness to alight, that the car has not stopped, or of danger in attempting to alight, unless there is something in the appearance or conduct of the passenger which should reasonably give the conductor notice that the passenger is to some degree helpless, or that he apparently, under some misapprehension or from carelessness, has an intention of alighting while the car is still moving.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*John O. Yeiser,* for appellant.

*John L. Webster, contra.*

FLANSBURG, C.

Action for damages resulting from injuries sustained by the plaintiff while she was a passenger on one of the

defendant's street cars. At the close of the plaintiff's testimony, the court directed a verdict for the defendant. Plaintiff appeals.

Plaintiff was a passenger on defendant's street car at about 9 o'clock in the evening of November 6, 1917. She was then about 53 years of age, and weighed 185 pounds. Her eyesight, she said, was failing so that she had to wear glasses to read. She signaled for the car to stop, rose from her seat, near the middle of the car, and pro· ceeded to the rear platform, speaking to and exchanging a few remarks, as she passed, with acquaintances who sat near the rear door. She walked out on the rear platform, took hold of the handrail at the side of the car, and looked out. She says that, though she was able to see the pavement, the night was dark, and the car was going so smoothly and so slowly, since it was about to stop, that she did not know it was still moving, and stepped off. As a result thereof she fell and sustained injuries.

The act of negligence complained of is that the conductor, who stood upon the rear platform, did not warn her that the car had not stopped. As the evidence stands, there was nothing proved in the appearance or conduct of the plaintiff from which it could be said that the conductor knew or should have known that she was to any degree helpless, or in need of protection or assistance, nor that he knew or should have known that she, at any instant before she stepped down and off the car, believed that the car was not moving, and that she therefore intended to get off before it stopped. Had the conductor known that she believed the car had stopped, and that she, therefore, intended to get off before it actually did stop, or if the circumstances had been such as to reasonably charge him with that notice, it would have been his duty from that instant to warn her and to do what he could to protect her against incurring any risk.

The plaintiff, so far as the evidence shows, would have appeared to any observer to have been active, alert, and normally in possession of her faculties. She passed back to the rear platform, and to the steps, as hundreds of other passengers do daily, in order, apparently, to take a position in immediate readiness to alight when the car stopped. The conductor is not possessed of occult powers, and, under the circumstances shown, was not bound to anticipate that she would attempt to alight from the moving car; and he was not bound to warn her, unless from some circumstance he had been given reason to anticipate what she might or was about to do. *Armstrong v. Portland R. Co.*, 52 Or. 437; *Sumner v. Grays Harbor R. & L. Co.*, 89 Wash. 55; *Hutchinson v. Capital Traction Co.*, 36 App. D. C. 251; *Gipson v. Shreveport Traction Co.*, 142 La. 498; *Mabry v. Boston Elevated R. Co.*, 214 Mass. 463; 10 C. J. 926, sec. 1350.

The following cases, which, upon first examination, may appear favorable to plaintiff's contention, are, it seems to us, distinguishable from the present case: *Indiana Union Traction Co. v. Swafford*, 179 Ind. 279; *Paducah Traction Co. v. Tolar*, 162 Ky. 50; *Blue Grass Traction Co. v. Skillman*, 31 Ky. Law Rep. 480.

In the Indiana case the petition affirmatively stated that the conductor actually knew that the plaintiff intended to alight while the car was moving, and the court therefore held that the petition stated a cause of action and was not vulnerable to demurrer.

In the *Paducah Traction Company* case the plaintiff had been carried past her stopping place, and went to the back platform and jumped off while the car was in the middle of the block, and the court said the peculiar circumstances presented a question for the jury as to whether the conductor should have known of her intention and warned her against getting off.

In the *Blue Grass Traction Company* case the conductor opened the door of the car, which might have been taken as an invitation for the passenger to alight, and

the failure of the conductor to warn the passenger, who passed and stepped out as soon as the door was opened, was held negligence. That case is, moreover, criticized as being against the weight of authority in the case of *Sumner v. Grays Harbor R. & L. Co., supra.*

In all these cases the general rule, as we have above stated it, that the conductor is not bound to give warning, unless something in the appearance or conduct of the passenger requires it, is recognized, and it is our opinion that the plaintiff's evidence shows that her case comes within that general rule and discloses no cause of action.

We therefore recommend that the judgment of the lower court be affirmed.

PER CURIAM. For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed, and this opinion is adopted by and made the opinion of the court.

AFFIRMED.