ESTHER LIEB, APPELLANT, V. OMAHA & COUNCIL BLUFFS STREET RAILWAY COMPANY, APPELLEE.

FILED DECEMBER 31, 1929. No. 26999.

*Waldron, Silverman & Newkirk,* for appellant.

*Edward J. Shoemaker, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ., and DINEEN, District Judge.

GOOD, J.

This is a personal injury action in which defendant had the verdict and judgment, and plaintiff has appealed.

It was alleged in the petition that plaintiff was a passenger in one of defendant's street cars; that she signaled her intention to alight at the next stopping place; that the car stopped, and while she was in the act of alighting therefrom it was negligently and suddenly started by the motorman, and she was thereby thrown to the ground and sustained serious injuries. Defendant answered, denying any negligence, and alleged that at the time of the accident plaintiff attempted to leave the car after it was in motion, and that the accident and alleged injuries were due solely and entirely to her contributory negligence. In her reply plaintiff denied contributory negligence.

From the record it appears that plaintiff, her daughter, and sister-in-law were passengers on one of defendant's street cars in Omaha, and that as it was approaching the intersection of Commercial avenue and Boyd street she signaled to the conductor her intention to alight; that the

car stopped and the three started to alight; that the daughter was first and alighted in safety; that the plaintiff was second, and while in the act of stepping from the street car it was put in motion, she was thrown to the pavement and sustained injuries, and that no notice was given by the motorman of his intention to start the car at the time. These facts appear without dispute. It also appears that at the street intersection, above mentioned, there is a steam railway, and that the rules of the defendant require the conductor to go forward upon the tracks thereof, to see that there are no approaching trains, and then to signal to the motorman to proceed. The evidence of defendant tends to show that the conductor, after the car had stopped and some passengers had alighted, proceeded ahead of the car to the railway crossing and signaled to the motorman to proceed; that he did not see any passengers alighting, or attempting to alight, from the car at the time he signaled to the motorman, but that the car had proceeded but a few feet when he observed a passenger, in an attempt to alight, falling to the pavement, and that the car was immediately stopped. The motorman testified that after receiving the signal from the conductor to proceed he looked to the rear of the car and saw no passengers on the platform or attempting to alight. The testimony of a passenger, a witness for defendant, tends to show that plaintiff had gone to the rear platform for the purpose of alighting from the car at the time it was started.

The errors assigned are that the verdict is contrary to law and the evidence, and not sustained by sufficient evidence, and in the giving and refusing of instructions.

With respect to the sufficiency of the evidence, it appears that there was evidence on behalf of defendant tending to prove that plaintiff had ample opportunity to alight from the car while it was standing, and that she attempted to alight after the car had started. The rule applicable is that, where different minds may reasonably draw different conclusions as to the negligence and contributory negligence from the facts proved, then the question is one of fact for the jury and not one of law for the court. Wheth-

er plaintiff was guilty of such contributory negligence as would affect her right to recover was a question of fact to be determined by the jury under proper instructions.

The pleadings and evidence raised the questions of defendant's negligence and plaintiff's contributory negligence. Section 8834, Comp. St. 1222, provides:

"In all actions brought to recover damages for injuries to a person or to his property caused by the negligence of another, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery when the contributory negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison, but the contributory negligence of the plaintiff shall be considered by the jury in the mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff; and all questions of negligence and contributory negligence shall be for the jury."

This section was applicable to the record presented in this case. It was the duty of the trial court to give to the jury an instruction on comparative negligence in accordance with the statute. This the trial court failed to do; its failure was prejudicial error.

Plaintiff complains of the court's refusal to give an instruction to the effect that it was the duty of defendant, after stopping the car for passengers to alight, to wait a sufficient length of time to permit passengers, in the exercise of reasonable diligence, to alight in safety, before putting the car in motion. That the instruction states a sound principle of law is not controverted, but defendant argues that it was properly refused because it was not applicable to the issues raised, and contends that failure to stop the street car long enough to permit plaintiff to alight in safety was not alleged in the petition and, therefore, this issue was not presented.

We are unable to accept defendant's view as to the effect of the pleading. The allegation of the petition in that respect is: "While plaintiff in the exercise of due care on her part was on the rear platform steps of said street car, in the act of alighting therefrom, the agents and em-

ployees of said defendant in charge of said street car wrongfully, negligently and with utter disregard for the safety of this plaintiff, and without notice to plaintiff, caused said street car to be suddenly started forward, thereby causing plaintiff to be violently thrown from said street car steps to the ground."

In *Cain v. Kanawha Traction & Electric Co.*, 81 W. Va. 631, the supreme court of West Virginia had before it practically the identical question. In that case the allegations of the petition were very similar to those in the instant case, and the question there presented was, as here contended by defendant, that the allegations were insufficient to raise the question of failure to stop the car a sufficient length of time to permit passengers to alight. In that case it was held:

"In an action for personal injuries the declaration charged that defendant, while plaintiff, a passenger, was in the act of alighting, without warning him 'carelessly and negligently and suddenly' started its car whereby and with great force and violently he was thrown upon the pavement and injured. The evidence tended to prove that plaintiff was not given a reasonable time to alight, and that the conductor of the car in disregard of his duty signaled the motorman to go ahead, while plaintiff was in the act of leaving the platform. There was no variance."

In the body of the opinion it was said (page 634) :

"We observe that the allegation is not that the car was suddenly and *violently started*, but that it was 'carelessly and negligently and suddenly' started and without 'warning to him.' * * * It has been frequently decided here, in actions of this character, that there is no variance in respect to specification of mere matters of detail, concerning the manner or instrumentalities by which the injury is inflicted, if the substantial elements of negligence be proved. *Kennedy v. Chesapeake & O. R. Co.*, 68 W. Va. 589, 592, and cases cited.

"If on the trial the evidence was sufficient to establish the fact that plaintiff was not under all the circumstances allowed a reasonable time to alight, or the defendant was

otherwise negligent in not observing him in his perilous condition and protecting him, and he was without fault, * * * would not such evidence support without variance the charge of carelessly, negligently and suddenly starting the car and doing plaintiff the injuries as charged? We think it would."

The reasoning of the court in the above case appeals to us as logical and sound. A careful examination of the allegation of negligence in the petition in the instant case will disclose that the negligence does not relate to the manner in which the car was started, but to the time of starting; that is, when plaintiff was either alighting from the car or about to alight. Whether sufficient time was given was fairly included in the averment. It follows that the refusal to give the requested instruction was erroneous.

Plaintiff further complains of the refusal of the court to give the following instruction:

"You are instructed that where a street car is stopped on signal at a regular car stop to permit passengers to alight, and the employees of the street railway company know, or by the exercise of proper care should know, that the passenger is attempting to alight, it is negligence to put the car in motion before such passenger has alighted or while he is attempting to do so; and the fact that the rules of the street car company require conductors, before crossing the tracks of a steam railroad, to go forward, and on the tracks of the steam railroad and look for other cars or locomotives thereon, before signaling the motorman to go ahead, will not excuse the conductor from first discharging his duties to passengers alighting from his car."

There is abundant authority to sustain the proposition of law stated in the requested instruction. The rule is stated and supported by many authorities in the annotation to *Wright v. Boston & M. R. Co.,* 83 N. H. 136, 56 A. L. R. 975, 981. The following cases are especially in point: *Oklahoma U. R. Co. v. Mitchell,* 105 Okla. 152, and *Memphis Street R. Co. v. Shaw,* 110 Tenn. 467. The instruction requested was applicable to the situation disclosed by the record. Denial of the request was error.

Complaint is made by plaintiff of the sixth instruction given by the court in the following language:

"You are instructed that it is not the duty of the defendant company, or its servants, to warn its passengers that the car upon which they are riding is about to start, and, therefore, you are not to consider that an act of negligence in the determination of this cause."

Plaintiff argues that the instruction is not a correct statement of the law, and that, even if it were, it is not applicable to the situation; while defendant contends that it correctly states the rule and cites and relies upon a number of cases, all of which we have examined, and we find none in point. Several of those cases relate to passengers who had entered the street car but had not yet reached their seats, and, as to such a situation, it was held that no duty rested upon the street railway company to warn such passengers of the intention to start. Among the cases cited to support defendant's contention is *Jacobson v. Omaha & C. B. Street R. Co.*, 109 Neb. 356. In that case a passenger had alighted from the street car, and the question there was as to the duty of the company to warn passengers of danger from other sources in the street onto which the passenger was alighting, and had no relation to the giving of warning that the car would start. It is quite evident that, if one is about to enter a car and has one hand, possibly, upon the rail, before the car is started the passenger should, under such circumstances, be given sufficient time to enter the car, or warned that the car is about to start, so that he may not attempt to enter. The same rule is applicable to a passenger alighting from a car. If one is in the act of alighting, or about to alight, from a car, it should not be started without warning so that the passenger may not attempt to alight. Even the rule, as applied to passengers standing up in a car, has been modified, as where such persons were known to be afflicted with some disease or crippled, and it has been held that before starting the car even such persons were entitled to be warned. *Jacobson v. Omaha & C. B. Street R. Co.*, *supra*, and *McCoy v. Omaha & C. B. Street R. Co.*, 104 Neb. 468. In the in-

stant case, it is perfectly clear and beyond dispute that plaintiff was upon the platform when the car started and was either in the act of alighting or about to alight. That starting a car under such circumstances, without warning the passenger, is negligence cannot be gainsaid. The giving of the instruction, therefore, under the circumstances and proof as it existed, was erroneous and was prejudicial to the plaintiff.

We do not deem it necessary to discuss other assigments of error.

For the reasons given, the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED.