THOMAS MARKEY, A MINOR, BY NOLA K. HENRY, HIS MOTHER AND NEXT FRIEND, APPELLANT, V. BOB HUNTER ET AL., APPELLEES.

103 N. W. 2d 221

Filed May 20, 1960. No. 34679.

*Rice & Adams, Schrempp & Lathrop, Henry C. Rosenthal, Jr.,* and *Simon J. Albracht,* for appellant.

*Morris J. Bruckner* and *Cassem, Tierney, Adams & Henatsch,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for damages for injuries sustained in a motor vehicle accident. The action was brought by Thomas Markey, a minor, by his next friend, against Bob Hunter, the owner of a truck involved in the collision, and Glen W. Miller, the driver of the truck. The jury returned a verdict for the defendants and plaintiff has appealed.

The accident occurred on Highway Nos. 73-75 a short distance north of the Platte River bridge in Sarpy County on June 8, 1956, at about 4 p. m. The pavement was dry and visibility was good. Plaintiff and Wendall Schoening were riding in a coupé automobile as guests of Joel White, the operator of the car. Plaintiff was sitting between the driver and Schoening. As the car proceeded north on the highway they were preceded by the Hunter truck operated by Miller and an automobile operated by one Stevens. Immediately behind the

White car was one driven by one Jacobson. The collision occurred at a point where a private road branches off the highway to the west into the works of the Lyman-Richey Sand & Gravel Company. The driver of the truck approached the intersecting private road with the intention of turning left across the highway into the private road.

The driver of the truck testified that as he approached the private road he slowed down and gave a left-turn signal, and at a time when he had practically cleared the highway the rear end of his truck was struck by the car in which plaintiff was riding. The evidence further shows that before the truck made the left turn it was passed by the Stevens car and the Jacobson car. The White car followed the Jacobson car and when its driver saw the truck some 40 or 50 feet from him, he applied his brakes and swerved back to the right in an attempt to avoid the collision. White testified that he saw no left-turn signal by the driver of the truck and asserted that no such signal was given. It is not contended that the issue of negligence was not one for the jury.

Plaintiff contends that the trial court erred prejudicially in admitting certain photographs in evidence. The photographs were those of the truck taken long subsequent to the accident in which the driver of the truck at the time of the accident sat behind the wheel with his left arm horizontally extended. Its purpose was to demonstrate the visibility of the arm signal beyond the body of the truck from the front and from the rear as testified to by defendants' witnesses.

It is contended by the plaintiff that photographs which constitute a reenactment or illustration of one party's theory of the case are not admissible in evidence over proper objection and that their reception in evidence constitutes prejudicial error. In support of his contention plaintiff cites Massey v. Ivester, 168 Okl. 464, 33 P. 2d 765, and Wyldes v. Patterson, 31 N. D.

282, 153 N. W. 630, which hold in substance that photographs must be shown by extrinsic evidence to be faithful representations of the place or subject as it existed at the time involved in the controversy; and that photographs taken to show more than this with men in various assumed positions and things in various assumed situations, intended only to illustrate hypothetical conclusions and to explain certain theories of the parties, are incompetent. Conceding the validity of plaintiff's authorities for the purposes of this case, they have no application to the situation before us. The purpose of the photographs in question was to demonstrate that the extended left arm of the driver, if so extended, was visible from the front and rear of the truck involved in the accident. They did not purport to demonstrate anything that occurred at the time of the accident, nor did they purport to show the movement of animate objects at the time of the accident. The photographs were nothing more than an attempt to meet the issue raised by the plaintiff that defendant was negligent in operating upon the highway a truck which was defective in that the box of said truck protruded beyond the cab to such an extent as to impair the visibility of a hand-and-arm signal given by the driver.

We point out that the photographs demonstrated only that the horizontal extension of the left arm of the driver of the truck was visible from the front and rear of the truck, as testified to by defendants' witnesses. The question of whether or not an adequate arm signal was given remained a question for the jury. The admissibility of the photographs falls within the rule announced in Zancanella v. Omaha & C. B. St. Ry. Co., 93 Neb. 774, 142 N. W. 190, which holds that the admission of such evidence is largely within the discretion of the trial court, depending upon the circumstances and the condition of the evidence. See, also, Patras v. Waldbaum, *ante* p. 20, 101 N. W. 2d 465; Bedford v. Herman, 158 Neb. 400, 63 N. W. 2d 772. Some

contention is made that the foundation was insufficient in that the location of the camera with relation to the truck was not adequately shown. We find no abuse of discretion by the trial court in this respect. We find nothing in the record to indicate an abuse of discretion on the part of the trial court in admitting the questioned photographs in evidence.

Plaintiff contends that instructions Nos. 6 and 7 were in conflict and were prejudicial for that reason. Instruction No. 6 informed the jury of the necessity under the applicable statute of giving an appropriate signal of the intention to make a right or left turn by hand and arm or signal device, but when a hand-and-arm signal would not be visible both to the front and rear, the signal must be given by lamp or signal device from the left side of the vehicle. By instruction No. 7 the court informed the jury that a vehicle assembled prior to January 1, 1954, is not required to be equipped with automatic turn signals, and that defendants' truck having been assembled prior to such date was not required to be equipped with automatic turn signals. While it would have been better, in view of the evidence, not to have included that part of instruction No. 6 dealing with hand-and-arm signals when the construction of the vehicle prevents them from being seen, we fail to see how the jury was prejudiced thereby. The faulty part of instruction No. 6 had no application to the issues in the case under the evidence, a conclusion that was readily apparent to the jury. The evidence that a hand-and-arm signal could be seen if the arm was horizontally extended was not disputed. It is fundamental that errors in instructions which are not prejudicial to the complaining party do not require a reversal of a judgment otherwise correct. Becker v. Hasebroock, 157 Neb. 353, 59 N. W. 2d 560; Van Wye v. Wagner, 163 Neb. 205, 79 N. W. 2d 281.

The plaintiff asserts that the trial court erred in overruling plaintiff's motion for a new trial on the ground

of newly discovered evidence, the newly discovered evidence being that the truck appearing in the photographs offered in evidence at the trial was not the truck involved in the accident. A hearing was had on the motion for a new trial at which the evidence of a number of witnesses was taken. Plaintiff relied on the registration certificates of the truck and the affidavit of the mechanic who repaired the truck to establish his assertion.

The evidence does show that proper registration certificates and plates were not placed on the truck involved in the accident. Several witnesses positively identified the truck as the one that participated in the accident. The mechanic who repaired the truck after the accident testified that he became confused at the time he gave his affidavit because of the mix-up in license plates. He positively identified the truck in the photographs as the one in the collision of June 8, 1956, which he had repaired. While it was established at the hearing on the motion for a new trial that improper registration certificates and license plates had been placed on the truck, the evidence clearly established that the truck in the photographs was the truck that participated in the accident.

The alleged new evidence was not of such a nature that if offered and admitted at the trial it would probably have produced a substantial difference in the result. In fact, the evidence on the motion for a new trial was almost conclusive that the truck shown in the photographs offered at the trial was the truck with which the car in which plaintiff was riding collided.

It is a fundamental rule that an application for a new trial upon the ground of newly discovered evidence is addressed to the sound judicial discretion of the trial court, and its ruling thereon will not be disturbed unless an abuse of discretion is shown. Reinsch v. Pacific Mut. Life Ins. Co., 140 Neb. 225, 299 N. W. 632; Finnern v. Bruner, *ante* p. 170, 101 N. W. 2d 905. The trial court

was correct in overruling the motion for a new trial on the ground of newly discovered evidence.

The judgment of the district court being free from prejudicial error is affirmed.

AFFIRMED.