SPEEDWAY TRANSPORTATION, INC., A NEBRASKA CORPORATION, APPELLANT, v. DARWIN L. DETURK, APPELLEE.

163 N. W. 2d 283

Filed December 13, 1968. No. 36880.

Walsh, Walentine, Miles & Katskee, for appellant.

Kanouff & Edstrom, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH and McCOWN, JJ., and ACH, District Judge.

McCOWN, J.

This is an action for damages arising out of a motor vehicle accident. The jury returned a verdict against

the plaintiff on its petition and for the defendant on his counterclaim in the sum of $15,496.79.

The accident occurred at approximately 4:30 a.m., March 9, 1966, a short distance east of the intersection of U. S. Highway No. 30A and a gravel road known as the Weston Road in Saunders County, Nebraska. There are two truck stops located immediately east of the intersection, one on the north side of the highway and the other on the south side. U. S. Highway No. 30A runs east and west and is generally level at this location. The area was well-lighted from both truck stops at the time of the accident. The vehicles involved were both tractor-trailer units 50 feet long or more. Both units were loaded with livestock on their way to the Omaha market. The weather was somewhat foggy in spots and was damp, but there was nothing in the weather conditions which would obstruct the vision in the area in which the accident occurred. The truck stop on the north side of U. S. Highway No. 30A, to the east of the intersection, extends approximately 390 feet east and west along the highway and is an open level gravel surface without individual or separated driveways and can be entered or left at any point along the highway. The driver of the plaintiff's livestock tractor-trailer unit had stopped at the truck stop on the north side of the highway for a cup of coffee and had parked his unit in the station grounds south of the pumps. His unit was headed east. There was at least one other truck unit, and possibly two, parked between the plaintiff's unit and the north edge of the highway. When the plaintiff's driver returned to his unit, he checked his load and lights, started ahead, turned to the south after clearing the unit parked beside him, and headed out of the station grounds. He stopped at the north edge of the highway, looked, saw no traffic, and pulled his unit onto the highway to proceed east to Omaha.

Meanwhile, the defendant's tractor-trailer unit was proceeding easterly on U. S. Highway No. 30A at a speed

of between 45 and 50 miles per hour. The headlights of defendant's unit were on low-beam, and the fog lights were also on, as well as running lights. His load of cattle weighed approximately 32,000 pounds. He first noticed the plaintiff's unit coming onto the highway ahead of him at a time when the front of the plaintiff's vehicle was approximately half-way across the westbound lane and headed southeast, and when he was approximately 200 feet from it. The defendant put on his brakes, but the load of cattle shifted and shook the unit. He testified that he knew he could not get stopped, so he decided to take the shoulder on the south side of the road in an effort to get around the plaintiff's unit. The defendant's unit was almost completely off on the shoulder when it went by the plaintiff's vehicle. The left side of defendant's unit struck the right front of plaintiff's unit as it went by. Some wooden stakes on the right front side of the plaintiff's trailer were damaged, one tire under the plaintiff's tag axle was blown out, and the right-hand outside mirror of the cab was knocked off. There was no damage to the rear end or the side of the rear half of plaintiff's trailer.

After the impact, the defendant's unit continued easterly on the shoulder and in a shallow ditch. Defendant attempted to control and return the unit to the highway, but it turned over on its side, slid along, and came to rest on the south edge of the highway some 111 feet east of the point where plaintiff's unit had stopped. The plaintiff's unit was still at a slight angle on the highway. The left rear wheels were near the centerline, but the front wheels were at the south edge of the pavement. The front end of the vehicle was some 35 feet east of the debris left by the impact and the debris was approximately at the rear wheels.

Plaintiff's driver testified that he never saw the defendant's vehicle until he saw the headlights in his mirror just a moment before the defendant's truck went by him.

The plaintiff's assignments of error generally challenge the sufficiency of the evidence to support the verdict. The plaintiff also contends it was entitled to a directed verdict on plaintiff's petition and also to a directed verdict dismissing defendant's counterclaim. The basis for the contention is essentially that the defendant was guilty of more than slight negligence as a matter of law. Such contentions rest on the most favorable inferences that can be drawn from the evidence in favor of the plaintiff. However, it was the defendant who won the verdict of the jury. In testing the sufficiency of the evidence to support a verdict, it must be considered in the light most favorable to the successful party, that is, every controverted fact must be resolved in his favor and he should have the benefit of every inference that can reasonably be deduced therefrom. Graves v. Bednar, 171 Neb. 499, 107 N. W. 2d 12. See, also, Nisi v. Checker Cab Co., 171 Neb. 49, 105 N. W. 2d 523.

Where reasonable minds may differ as to conclusions or inferences to be drawn from the evidence, and where there is a conflict in the evidence as to whether or not it establishes negligence or contributory negligence and the degree thereof, such issues must be submitted to a jury. See Owen v. Moore, 166 Neb. 239, 88 N. W. 2d 768.

Where a party has sustained the burden and expense of trial and has succeeded in securing the judgment of a jury on the facts in issue, he has a right to keep the benefit of the verdict unless there is prejudicial error in the proceeding by which it was secured. Cullinane v. Milder Oil Co., 174 Neb. 162, 116 N. W. 2d 25.

Where the driver of a vehicle entering a highway from a private road or driveway looks for approaching vehicles but fails to see one which is favored over him under the rules of the road, he is guilty of negligence. The duty to look for approaching vehicles implies the duty to see that which is in plain sight. Kohrt v. Hammond, 160 Neb. 347, 70 N. W. 2d 102.

The controverted facts, as well as the conclusions and

inferences to be drawn from them here, were decided by the jury in favor of the defendant and there is competent evidence to support the verdict.

The plaintiff assigns error generally to the majority of the instructions given. The scatter-gun challenge is dependent on the validity of the claim that defendant was guilty of more than slight negligence as a matter of law. This claim is without merit. One assignment deserves comment. Instruction No. 21 inadvertently included as an element of damage the fair and reasonable value of loss of use of defendant's trailer as well as the tractor. The evidence, however, was that the cost of repair exceeded the value of the trailer, which was a total loss. The evidence before the jury was the value of the trailer immediately before the accident and its value thereafter, and instruction No. 21 specifically included this value as an element of damage. There was no evidence before the jury as to the value of loss of use of the defendant's trailer, and instruction No. 19 had already instructed the jury that it must be governed solely by the evidence before it. The defendant's stipulated and proven damages total slightly more than the jury verdict, without including any amount for loss of use of the trailer nor for defendant's personal injuries. The plaintiff makes no complaint as to the amount of the verdict, but objects only to the instruction. We think it apparent that the inadvertent error in the instruction did not mislead the jury nor did it allow anything on account of the element improperly submitted.

The instructions taken together thoroughly and competently cover the matters at issue on both the petition and the counterclaim, and there was no prejudicial error. The judgment of the district court was correct and is affirmed.

AFFIRMED.