CRALE L. HANSEN, APPELLEE AND CROSS-APPELLANT, V. EILEEN A. HASENKAMP, APPELLANT AND CROSS-APPELLEE, IMPLEADED WITH JERRY BRUMMER, APPELLEE AND CROSS-APPELLEE.

223 N. W. 2d 44

Filed October 31, 1974. No. 39425.

Casey & Elworth, for appellant.

E. Dean Hascall, for appellee Hansen.

Harry L. Welch, Harold W. Kauffman, and Richard P. Jeffries of Gross, Welch, Vinardi, Kauffman & Day, for appellee Brummer.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ., and COLWELL, District Judge.

McCOWN, J.

This is an action for personal injuries arising out of an automobile accident. Plaintiff Hansen, a guest passenger in an automobile driven by defendant Hasenkamp, brought this action against the host driver and against the defendant Brummer, the driver of the other vehicle involved in the two-car accident. The jury returned a verdict of $50,000 in favor of the plaintiff and against the defendant Hasenkamp, and also found that plaintiff had no cause of action against the defendant Brummer. Judgment was entered on the verdict of the jury and the defendant Hasenkamp appealed.

The defendant, Eileen Hasenkamp, was an employee of First Federal Savings and Loan Association in Omaha, Nebraska. On July 10, 1971, First Federal held an outing and picnic for its employees at Lake Wa-Con-Da, a recreation area near the Missouri River, some distance south of Omaha, Nebraska. Hasenkamp invited the plaintiff, Crale Hansen, as her guest for the outing. The plaintiff met the defendant Hasenkamp at mid-morning on Saturday, July 10, 1971. The two left in the defendant's car at approximately 10:30 a.m. and picked up Ann Gebhardt, another First Federal employee. On the way to Lake Wa-Con-Da the three individuals stopped for hamburgers and plaintiff bought a six-pack of beer. On the way to the picnic, defendant Hasenkamp drank a beer and a half. The parties arrived at the picnic area at about 12:30 p.m. During the afternoon the defendant Hasenkamp fished and water skied, and at approximately 4 p.m., the group had a steak dinner. At approximately 7 p.m., or a little later, plaintiff Hansen, defendant Hasenkamp, and Miss Gebhardt left the picnic to return to Omaha.

The evidence is in some conflict as to the amount

of liquor consumed by defendant Hasenkamp during the course of the picnic. She testified that she had four drinks, including one drink after the meal. There was other testimony that she had at least five drinks. There is testimony that the defendant. Hasenkamp did not appear to be under the influence of liquor during the course of the picnic. There is other evidence that liquor may have had some effect on her alertness, speech, and walking. When she left the picnic there is testimony that she had a drink in her hand as she got into the car to drive back to Omaha. Miss Gebhardt testified that the defendant Hasenkamp finished that drink while driving back toward Omaha and tossed the glass out the window some 5 minutes after they had reached U.S. Highway No. 73-75. Miss Gebhardt also testified that as they left the picnic area on a hilly dirt road proceeding toward Highway No. 73-75, the defendant Hasenkamp was not staying on her side of the road; the speed was somewhat above normal; and Miss Gebhardt suggested defendant Hasenkamp should slow down or be a little more careful. She also testified that defendant Hasenkamp's speech was loud and silly, although not slurred. Defendant Hasenkamp denied Miss Gebhardt's testimony on these issues.

After driving some 3 to 5 miles on the dirt road, they reached Highway No. 73-75, a two-lane paved highway. They proceeded north on Highway No. 73-75 at a speed of approximately 60 miles per hour. As they were driving along, at approximately 7:30 p.m., the defendant Hasenkamp decided to stop to get some cigarettes at a service station just past an intersection known as Murray Corner. The service station was on the west side of the highway and in order to reach it, it was necessary to make a left-hand turn across the southbound traffic lane of Highway No. 73-75. The defendant Hasenkamp testified that she looked to the north and saw no vehicles approaching. She made a left-hand

turn in front of a southbound pickup truck being driven by the defendant Brummer. She never saw the Brummer truck. The point of impact was in the southbound traffic lane.

The plaintiff Hansen received injuries to the head, neck, and chest. The injuries included multiple fractures of bones and also the loss of sight of one eye. The jury returned a verdict in favor of the plaintiff and against the defendant Hasenkamp in the sum of $50,000, and there is no complaint that the judgment is excessive. The jury also found that plaintiff had no cause of action against the defendant Brummer.

This appeal turns on the determination of whether or not there was sufficient evidence to go to the jury as to whether the defendant Hasenkamp was under the influence of intoxicating liquor. This becomes critical because the cause of action against the defendant Hasenkamp arises under the guest statute. Under that statute, if the host driver is not under the influence of intoxicating liquor, a guest can recover only where there is gross negligence; while if the host driver is under the influence of intoxicating liquor, only ordinary negligence need be proved. See Kaufman v. Tripple, 180 Neb. 593, 144 N. W. 2d 201. Here the evidence is clear, and the jury of necessity found, that the defendant Hasenkamp was guilty of at least ordinary negligence.

In the posture of this case we must view the evidence in the light of the fact that the jury returned a verdict in favor of the plaintiff. In testing the sufficiency of the evidence to support a verdict, it must be considered in the light most favorable to the successful party. Every controverted fact must be resolved in his favor and he should have the benefit of every inference that can be reasonably drawn therefrom. Speedway Transp., Inc. v. DeTurk, 183 Neb. 629, 163 N. W. 2d 283.

Here the jury was correctly instructed as to the meaning of the term "under the influence of intoxi-

cating liquor" under the rule laid down in O'Neill v. Henke, 167 Neb. 631, 94 N. W. 2d 322. "A person is under the influence of alcoholic liquor if such person is under (the) influence of intoxicating liquor to such an extent as to have lost to an appreciable degree the normal control of his body or mental faculties, and to the extent that there is an impairment of the capacity to think and act correctly and efficiently." That case also confirms the rule that where reasonable minds may differ as to conclusions or inferences to be drawn from the evidence, and where there is a conflict in the evidence, such issues must be submitted to the jury. See, also, Speedway Transp., Inc. v. DeTurk, *supra.*

The defendant asserts that the verdict of the jury is contrary to the law and to the evidence, and that the court erred in failing to sustain her motions for directed verdict.

A motion for directed verdict must be treated as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence. Hoffman v. Jorgensen Awnings, Inc., 178 Neb. 261, 132 N. W. 2d 867.

Under the evidence in this case we cannot say as a matter of law that reasonable minds could not differ on the issue of whether or not the defendant Hasenkamp was under the influence of intoxicating liquor. The action of the court in submitting the matter to the jury was proper.

There is a single assignment of error complaining generally as to errors of law occurring during the trial. Only two complaints are mentioned in her brief. The first relates to the contention that the court erred in permitting the plaintiff to express an opinion that the defendant Hasenkamp was under the influence of al-

coholic liquor over an objection that there was no proper and sufficient foundation. It is well established in Nebraska that a lay witness may give his opinion as to intoxication, at least where it has been established that the witness had an opportunity to observe the person. McCulley v. Anderson, 119 Neb. 105, 227 N. W. 321. In this case there is no dispute that the plaintiff had ample opportunity to observe the defendant over a period of several hours before the accident occurred, and that he had testified in full detail as to the facts and circumstances which he had observed. What the defendant actually complains about is the fact that plaintiff had testified in an earlier deposition that he did not believe the defendant Hasenkamp was under the influence of liquor during the course of the trip back to Omaha, but had changed his mind later, based upon the fact that the defendant had made a left turn on a busy highway in front of oncoming traffic. These differences in the testimony of the plaintiff were fully brought out to the jury and plaintiff's opinion was not excludable upon the ground that there was no proper or sufficient foundation. The plaintiff had already testified as to the facts and circumstances which entered into his opinion. Unless we can say as a matter of law that there was no evidence upon which any lay witness could have testified that the defendant Hasenkamp was under the influence of intoxicating liquor, certainly we cannot say that there was no foundation for the plaintiff to express an opinion.

The defendant also argues that there was error in refusing to admit in evidence a motion picture which showed the defendant Hasenkamp water skiing at approximately 3 p.m. on the afternoon of the picnic. The trial court sustained plaintiff's objection to the admission of the film in evidence and expressed the view that the picture showing her water skiing at 3 p.m. was not relevant to show her condition at 7:30 p.m.

There was evidence in the record as to the defendant's water skiing by eye-witnesses, without any dispute. The motion picture would simply have been cumulative evidence of activities already testified to by several witnesses. Photographs are properly admissible as evidence if it be shown that they are true and correct representations of the place or subject they purport to represent at a time pertinent to the inquiry. Markey v. Hunter, 170 Neb. 472, 103 N. W. 2d 221. The use of motion pictures for the purpose of proving certain facts before the jury is a matter that should be left largely to the judgment and discretion of the trial judge. Denison v. Omaha & C.B. St. Ry. Co., 135 Neb. 307, 280 N. W. 905. Even if it be assumed that the defendant's water skiing some 4½ hours before the accident was at a time sufficiently close to the accident to be pertinent, and that the exclusion of motion pictures showing that activity was therefor improper, nevertheless under the evidence here, the exclusion cannot be deemed prejudicial.

Complaint is also made that when the jurors transmitted a question to the judge as to whether they must all agree on the same cause of guilt, the court, in the absence of the parties and their counsel, sent the following "instruction" to the jury: "You are instructed that the Court cannot give you any further clarification beyond that which is set forth in Instruction No. 5. As stated in Instruction No. 1, any one instruction should be considered in the light of all the others."

While communications between the trial judge and jury should be controlled by a high degree of circumspection, we have consistently held that the repetition or affirmation of an instruction already given to the jury is not reversible error. See, Anderson v. Evans, 168 Neb. 373, 96 N. W. 2d 44; Crecelius v. Gamble-Skogmo, Inc., 144 Neb. 394, 13 N. W. 2d 627. There

was clearly no error here in the trial court directing the jury to consider the instructions previously given.

The remaining assignments of error are without merit and the judgment of the trial court should be affirmed.

One further matter remains to be disposed of. Plaintiff's cause of action here was filed against the defendants Eileen Hasenkamp and Jerry Brummer. The verdict of the jury was in favor of the plaintiff and against the defendant Eileen Hasenkamp for $50,000; and that the plaintiff had no cause of action against the defendant Jerry Brummer, and judgment was entered on the verdict.

The defendant Eileen Hasenkamp filed a motion for new trial or, in the alternative, judgment notwithstanding the verdict as to the judgment against her. The plaintiff filed a motion for new trial or, in the alternative, judgment notwithstanding the verdict against the jury's verdict and judgment in favor of the defendant Brummer. Both motions were overruled, and the defendant, Eileen Hasenkamp, perfected her appeal to this court, and is the only appellant.

The plaintiff-appellee attempted to assert a right to cross-appeal from the judgment in favor of the defendant Brummer, by asserting the purported cross-appeal in the manner provided by Rules 1d and 8b3 of the Revised Rules of this court. Under these rules, no notice is required and the cross-appeal must be set out separately in the appellee's brief. The defendant Brummer has filed a motion to dismiss the purported cross-appeal of the plaintiff-appellee against Brummer.

The general rule is that a cross-appeal is allowable and can be taken by an appellee only against an appellant, unless otherwise provided by statute. See, 4 C. J. S., Appeal & Error, § 35, p. 141; 4 Am. Jur. 2d, Appeal and Error, § 177, p. 688. While that general rule is not expressly stated in our rules, it is clearly implied. Rule 8c dealing with reply briefs provides:

"* * * The answer of *appellant* to any cross-appeal shall be set forth in a separate division of the reply brief, * * *." (Emphasis ours.) We therefore hold that in this court a cross-appeal can be taken only against an appellant, unless otherwise provided by statute. The only appellant here was the defendant Eileen Hasenkamp. The defendant Brummer was not an appellant. The motion to dismiss the purported cross-appeal against the defendant Brummer is granted.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.