THE ELGIN MILLS, INC., A CORPORATION, APPELLEE, V.
OMER HOFFMAN, APPELLANT.

264 N. W. 2d 438

Filed April 12, 1978.  No. 41465.

Brogan & Stafford, for appellant.

Deutsch, Jewell, Otte, Gatz, Collins & Domina, for appellee.

Heard before SPENCER, BOSLAUGH, and WHITE, JJ., and RIST and KELLY, District Judges.

KELLY, District Judge.

This action was commenced in the District Court for Antelope County.  The action was tried before a jury on the 17th day of March 1977.  Plaintiff brought suit against the defendant on a written contract for the sale and purchase of grain.  The contract was entered into May 29, 1974.  The defendant agreed to sell to the plaintiff 50,000 bushels of No. 2 yellow corn at an agreed price of $2.20 per bushel.

The plaintiff, a grain elevator located in Elgin, Nebraska, specified in the written contract that delivery should be made during October, November, or December 1974, at the buyer's option.  Plaintiff subsequently made demand upon the defendant to deliver the corn, but the defendant refused to make delivery for the reason that he had not produced 50,000 bushels of corn.  Defendant offered to make delivery of 40,000 bushels of corn if the plaintiff would agree that this would satisfy the contract.

The plaintiff refused. No delivery was made and suit was brought for enforcement of the contract.

After all the evidence was in, the court sustained a motion for directed verdict made by the plaintiff and entered judgment for the plaintiff and against the defendant in the sum of $41,400. The amount was arrived at by determining that the plaintiff was forced to cover the contract by paying $3.02 per bushel for 10,000 bushels and $3.03 per bushel for 40,000 bushels. The amount of damages being the difference between the prices the plaintiff had to pay to cover the contract and the agreed delivery price of $2.20 per bushel.

The defendant has appealed to this court asserting some five separate assignments of error. Because of the finding of this court, only one assignment of error has been considered. The judgment is reversed and the cause remanded for a new trial.

In the case of Hansen v. Hasenkamp, 192 Neb. 530, 223 N. W. 2d 44, our court stated as follows: "A motion for directed verdict must be treated as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed. Such party is entitled to have every controverted fact resolved in his favor and to have the benefit of every inference that can reasonably be deduced from the evidence. Hoffman v. Jorgensen Awnings, Inc., 178 Neb. 261, 132 N. W. 2d 867."

We must, therefore, consider the evidence of the defendant insofar as the same would be construed in the light most favorable to him.

The defendant alleged in his amended answer that he was induced to sign the contract in question by the fraud and misrepresentation of the officer of the plaintiff corporation, to wit: One Lambert Vanderheiden. The testimony at the trial consisted primarily of testimony of the president of the plaintiff corporation, Mr. Vanderheiden, and the defendant. If the testimony of the defendant were believed, a jury

could reasonably have found that the defendant came to the place of business of the plaintiff for the purpose of purchasing old railroad rails which he intended to use to construct a cattle gate. The defendant was not previously acquainted with the plaintiff. The plaintiff's president stated that he had no railroad rails available and engaged the defendant in a conversation concerning the future sale of grain to the plaintiff.

The defendant's evidence further showed that he had only been engaged in raising corn for three seasons prior to May 29, 1974. The defendant's evidence, if believed, would further show that the plaintiff made an offer to purchase the corn at the agreed price of $2.20 per bushel and stated to the defendant that the price would surely be lower in the fall. The defendant's evidence would further show that the defendant made inquiry as to what would happen if he did not raise 50,000 bushels of corn, and the President of plaintiff told him not to worry about that, that he had sufficient corn stored in his storage bins.

In a trial of this nature, it is the province of the jury to determine the weight and credibility of the testimony of witnesses and further to determine the facts. If believed, the defendant's evidence could show that he was the victim of fraud or misrepresentations made by the plaintiff which improperly induced him to enter into the contract.

The judgment is, therefore, reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR
A NEW TRIAL.